[No. 20692. In Bank. — October 15, 1890.]

MAY WILLIARD, PETITIONER, v. R. M. DILLARD, JUDGE OF THE SUPERIOR COURT OF SANTA BARBARA COUNTY, RESPONDENT.

MANDAMUS—SETTLEMENT OF BILL OF EXCEPTIONS—PETITION—AVERMENTS AS TO JUDGE—JUDICIAL NOTICE—ANSWER SUPPLYING DEFECTS. — A petition for a writ of mandate to the judge of a superior court to compel the settlement of a bill of exceptions, though it would be better specifically to state that the respondent is the judge who tried the case, or who heard and determined the motion for a new trial, is not demurrable for not stating that the respondent is the judge of the superior court specified, as the supreme court will take judicial notice as to who is judge of a particular superior court, and that he is the only judge of that court; and if the petition shows that the trial was had, judgment rendered, and motion for new trial made and denied in the court of which the respondent is judge, and the answer of the respondent shows that he was in fact the judge who presided at the trial, the omission of the petition to make a specific averment to that effect is sufficiently supplied by the answer.

ID. — EXTENSION OF TIME TO PREPARE EXCEPTIONS IN CRIMINAL CASE— NOTICE TO DISTRICT ATTORNEY—OBJECT OF NOTICE. — Under section 1171 of the Penal Code, providing that a party desiring to have a bill of exceptions settled must, upon not less than two days' notice to the district attorney and within ten days after the rendition of the judgment, or such further time as may be allowed by the court or judge, present the same to the- judge for settlement, where the defendant was given an extension of time beyond that allowed by law, within which to prepare and present a bill of exceptions, but the extension was not in excess of

the time allowed by law for the court to give, and within such time and upon not less than two days' notice to the district attorney, defendant applied to the court to settle and certify the bill of exceptions, the bill should be settled and allowed; and it is error to refuse to settle and allow it upon the ground that when the extension of time was given, the time had already expired within which he could give notice to the district attorney of an application to be made on the tenth day for the settlement of the bill.

APPLICATION to the Supreme Court for a peremptory writ of mandate requiring the judge of the Superior Court of Santa Barbara County to settle and certify a bill of exceptions. The facts are stated in the opinion of the court.

*R. B. Canfield,* and *J. W. Taggart,* for Petitioner.

*John J. Boyce,* for Respondent.

Fox, J. — Application for a peremptory writ of mandate requiring the respondent, judge of the superior court of the county of Santa Barbara, to settle and certify a bill of exceptions in a criminal case tried in said court. By way of return to the alternative writ, two papers are presented on behalf of respondent; one in the nature of a demurrer to the petition, and the other an answer. By the paper styled a "demurrer," exception is taken to the sufficiency of the petition, for that it does not sufficiently appear therefrom that the respondent is the judge before whom the criminal case referred to was tried, or who heard and determined the motion for new trial therein. It would perhaps have been better if the petition had specifically stated that fact; but it does not state that the respondent is the judge of that superior court. This court will take judicial notice of that fact, and also of the fact that he is the only judge of that court. The petition also shows that the criminal case was prosecuted in that court; that a trial has been had, verdict rendered, and judgment pronounced, and motion for new trial made and denied. When we look into the balance of the return, — for it is

all one return, although in two papers, and called by two names, — sufficient appears to show that the respondent was in fact the judge who presided at the trial, and who heard and determined the motion for new trial, and that he is therefore the proper one to settle the bill of exceptions. If there are any omissions in the petition in this regard, they are sufficiently supplied by the answer.

It appears from the pleadings that the defendant in the criminal case was given an extension of time beyond that allowed by law, within which to prepare and present her bill of exceptions, but that such extension was not in excess of the time which the court was authorized by law to give. On the last day of the time so given by the court, and upon not less than two days' notice to the district attorney, counsel for the defendant applied to the court to settle and certify his bill of exceptions in the cause. The district attorney appeared and objected that the court had no jurisdiction then to settle or allow a bill of exceptions, on the ground that the right to have a bill of exceptions settled or allowed had been waived or lost before any order had been made granting an extension of time for that purpose. The order granting such extension was made on the day before the expiration of the statutory time within which the party was required to present his bill for settlement, but the district attorney contends that it was then too late, for the reason that the time had already expired within which he could give notice of an application to be made on the tenth day for the settlement of the bill, and no such notice having been given, and no order of extension made prior to the time when it would have been necessary to give notice of an application to be made on the tenth day, the right to make the application at all had been waived. The judge adopted this theory of the district attorney, and, according to the answer, for this reason, and this alone, refused to allow or settle any bill of exceptions in the case.

This position is, in our judgment, altogether untenable. A party desiring to have a bill of exceptions settled must, upon not less than two days' notice to the district attorney, and within ten days after the rendition of the judgment, or such further time as may be allowed by the court or judge, present the same to the judge for settlement, etc. (Pen. Code, sec. 1171.) The object of notice in this case is not, like that in the case of a motion for new trial, to initiate the proceeding, or preserve a right to the moving party, but simply to enable the district attorney to be present, and be heard, if he desires, upon the settlement of a bill, which is the absolute right of the party to have settled according to the fact, if he prepares and presents it within the time allowed by the law or the court; and if it is given two days prior to the actual application for such settlement, no waiver of a right to make the application or to have the bill settled can follow from failure to give it at an earlier period. Under the allegations of the answer there is really no issue as to whether or not a prepared bill was in fact presented to the judge for settlement at the time mentioned in the notice, and there appears no reason for a reference of the cause. Let the peremptory writ issue as prayed.

BEATTY, C. J., WORKS, J., THORNTON, J., SHARPSTEIN, J., PATERSON, J., and McFARLAND, J., concurred.