[Sac. No. 932. Department Two.—December 22, 1903.]

TOWLE BROTHERS COMPANY, Respondent, v. MRS. MARY QUINN et al., Defendants; CHARLES F. HANLON, Appellant.

FORECLOSURE OF MORTGAGE—JURISDICTION OF COURT—ACTION FOR PAR-TITION.—In an action for the foreclosure of a mortgage, the court has merely jurisdiction to foreclose the mortgage sued upon and the rights of all parties holding under and subject thereto. It had no jurisdiction to reach over into a separate partition suit, begun prior to the execution of the mortgage by one of the tenants in common who were parties to that suit, and to take control and jurisdiction thereof in the interest of the mortgagee.

ID.—DUTY OF MORTGAGEE TO INTERVENE IN PARTITION SUIT.—The mort-
gagee having no lien when the action for partition was begun, the
plaintiff therein was not bound to make him a party thereto; but
it was the right and duty of the mortgagee to intervene in the
partition suit, and set up his mortgage lien, and have it adjusted
in the partition decree as provided by the code.

APPEAL from a judgment of the Superior Court of
Placer County and from an order denying a new trial. E. D.
Ham, Judge presiding.

The facts are stated in the opinion of the court.

Charles F. Hanlon, and William G. Cousins, for Appellant.

The respondent having no title when the partition suit was
commenced, was not a necessary party thereto (Code Civ.
Proc., sec. 754), and the mortgage that he took *pendente lite*
not having been set up by way of intervention, the mortgagee
is concluded by the interlocutory decree, which became final
by failure to appeal therefrom. (*Amador etc. Co.* v. *Mitchell,*
59 Cal. 179; *Hart* v. *Steedman,* 98 Mo. 256; *Loomis* v. *Riley,*
24 Ill. 310.) The adverse title of appellant could not be liti-
gated in this foreclosure suit. (*Wilson* v. *Bank of California,*
121 Cal. 630; *San Francisco* v. *Lawton,* 18 Cal. 465.[1]) The
court foreclosing the mortgage had no jurisdiction over the
prior partition suit.

George W. Hamilton, for Respondent, filed no brief.

McFARLAND, J.—This is an action for the foreclosure of
a mortgage, and defendant Hanlon appeals from the judg-
ment in favor of plaintiff and from an order denying his
motion for a new trial.

Appellant has filed an elaborate brief in which he makes a
number of contentions for a reversal. Respondent has not
filed any brief, and has not made any reply, either written
or oral, to appellant's points. Under these circumstances we
cannot be expected to examine appellant's contentions as
fully and closely as if respondent had presented us with some
arguments, suggestions, or authorities tending to weaken those

[1] 79 Am. Dec. 187.

contentions.   Apparently some of appellant's positions are tenable.

The mortgaged premises were owned before and at the time of the execution of the mortgage sued on by certain persons named Quinn, and the appellant, Hanlon, as tenants in common.   On April 10, 1896, Hanlon brought an action against the Quinns for a partition of the premises, and prayed also for an accounting for rents, issues, and profits, and a judgment against the Quinns therefor.   Six days afterwards he filed a *lis pendens,* and a receiver was appointed to take charge of the property.   On April 7, 1897, an interlocutory decree was made in said action, decreeing that Hanlon was the owner of one fifth of the premises and the Quinns four fifths, and awarding Hanlon costs in the sum of $38.05, and declaring that the Quinns had been in possession, receiving the profits, etc.; that Hanlon was entitled to an accounting, and appointing a commissioner to take the account. Afterwards the commissioner, having heard the matter, reported that the Quinns were indebted to Hanlon for the rents, etc., in the sum of two thousand dollars, and the court rendered judgment in Hanlon's favor for that amount and costs. In the interlocutory decree the court found that the property could not be divided, that it should be sold and the proceeds divided between the tenants in common, and appointed three referees to make the sale.   The referees advertised the property for sale, but it had not been sold at the time the judgment in the present case was rendered.   In the mean time Hanlon had taken out an execution on his two-thousand-dollar judgment against the Quinns, had purchased the Quinns' interest at the sale, and had received a sheriff's deed therefor.   No appeal was taken from the interlocutory decree, or from the said money judgment against the Quinns, and the time for appealing had expired.

On February 15, 1897,—which was more than ten months after the commencement of the partition suit,—the Quinns executed the mortgage sued on to respondent to secure the sum of two hundred dollars.   This mortgage was not recorded until April 15, 1897, which was after the entry of the interlocutory decree in the partition suit.   The respondent never appeared in the partition suit, nor sought in any way

to assert his rights in that suit. He commenced the present foreclosure suit on June 14, 1899. The original complaint was in form an ordinary complaint in foreclosure, with the usual prayer for the sale of the property, etc.,—Hanlon being made a party defendant on the simple averment that he claimed some interest in the mortgaged premises. Afterwards, by leave of court, and over the objection of appellant, an amendment to the complaint was filed, in which the proceedings in the partition suit, as above related, were set forth, and the referees appointed in the partition suit to sell the property were made parties defendant. And it was prayed that it be ordered that the premises be sold "under the decree in partition," and that "this court order and direct the said referees to pay to this plaintiff the amount of its judgment herein from any sum arising from a sale of the premises under the decree in partition aforesaid that would otherwise be payable to the said defendants Quinn or either of them," and that respondent's judgment herein be "first payable" out of the proceeds of the sale under the decree of partition, and judgment was entered in accordance with this prayer.

Waiving other points made by appellant, we think that in this action to foreclose a mortgage, which is based on section 726 et seq. of the Code of Civil Procedure, the court had no power to reach its hands over into the separate and independent action for partition, and take control and jurisdiction of such action. It had merely jurisdiction to foreclose the mortgage sued on, and order the mortgaged premises sold, and to foreclose the rights of all parties holding under and subject to the mortgage. The plaintiff in the partition suit was not called upon to make the respondent herein a party defendant, for he had no lien of record when that suit was commenced. (See Code Civ. Proc., secs. 752-801.) Indeed, when the suit was commenced respondent had no mortgage at all; and the one which was afterwards executed to it was not recorded until after the interlocutory decree, but respondent undoubtedly had the right, and it was its duty, to intervene in that suit and set up its mortgage lien, and have it adjusted in the partition decree as provided by the code. At least, it could not afterwards in its separate action

CXLI. Cal.—25

to foreclose the mortgage, rightfully ask the court to cross over and take charge of the partition suit. This is not a bill to vacate a judgment on the ground of fraud, etc.

The judgment and order appealed from are reversed.

Lorigan, J., and Henshaw, J., concurred.