[Civ. No. 565.    Second Appellate District.—March 16, 1909.]

McCORMICK-ORMAND COMPANY, a Corporation, Respondent, v. NOFZIGER BROTHERS LUMBER COMPANY, a Corporation, Appellant.

Money had and Received—Basis and Theory of Action—Ownership by Plaintiff.—An action for money had and received by defendant from a third party for plaintiff's use is predicated upon the theory that the defendant had received money, or property as such presumably converted into money, which in fact belonged to the plaintiff, and in which the defendant never at any time had an interest.

10 Cal. App.—16

Id.—Findings must be Within Issues.—The rule is elementary that findings must be within the issues raised by the pleadings, and that findings outside of such issues must be disregarded as affording any basis for a judgment rendered thereon.

Id.—Failure to Find upon Issues Joined—Findings Outside of Issues—Judgment not Supported.—Where the court failed to find upon the issues joined in the action for money had and received, and found outside of such issues that the third party was plaintiff's debtor in the amount of the money alleged to have been had and received by defendant, and that there was a tripartite agreement between plaintiff's assignor, such third party and defendant, that such third party should sell and assign notes and mortgages to defendant, as part consideration of which defendant promised and agreed to pay to plaintiff's assignor the amount of such indebtedness, such findings cannot support judgment for the plaintiff for such amount.

Id.—Absence of Ownership in Plaintiff.—Such findings show the absence of any ownership of the notes and mortgages assigned to defendant, or in the proceeds thereof, in the plaintiff, and cannot support the complaint for money had and received to plaintiff's use.

Id.—Action not upon Executory Contract.—The findings show that whatever rights plaintiff had were based upon an executory contract on the part of defendant, independently and regardless of the collection of the notes and mortgages, to pay a portion of the consideration therefor to plaintiff's assignor; but the action is not based thereon.

Id.—Statute of Limitations—New Promise.—The rights of the plaintiff are not barred by the statute of limitations, where, notwithstanding the notes and mortgages were converted by defendant to its own use, conceding that the statute was then set in motion rather than at the date of payment thereof, yet where the record shows that defendant within the statute in writing acknowledged its obligation to pay the plaintiff the amount agreed to be paid, the court properly found that the action is not barred by the statute.

APPEAL from a judgment of the Superior Court of Riverside County, and from an order denying a new trial. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

W. W. Middlecoff, and Horace S. Wilson, for Appellant.

F. G. Hall, for Respondent.

SHAW, J.—Action in form for money had and received. Judgment passed for plaintiff, from which, and an order denying its motion for a new trial, defendant prosecutes this appeal.

It is alleged in the complaint that on or about July 1, 1904, the defendant received the sum of $400 from the Lynn-Lewis Company, a corporation, to and for the use of plaintiff. This allegation is put in issue by specific denial contained in the answer.

Appellant, among other assignments of error, contends that the court not only failed to find upon this issue, but also insists that certain of the findings, without which the judgment has no support, are outside the issues. We are inclined to recognize both contentions as being correct.

The finding of the court necessary to a consideration of the question is, in effect, that Lynn-Lewis Company, plaintiff's assignor, and the defendant entered into a tripartite agreement whereby the former should sell and transfer to the defendant certain notes and mortgages then owned by the Lynn-Lewis Company; that as a part of the consideration for such transfer and assignment, defendant promised and agreed with the Lynn-Lewis Company and plaintiff's assignor that it would pay to such assignor the sum of $400, to be applied on certain indebtedness due to it from said Lynn-Lewis Company; that pursuant to said contract and agreement Lynn-Lewis Company did transfer and assign said notes and mortgages to a certain bank in accordance with a request made by defendant, who indorsed and guaranteed payment of the same; that plaintiff demanded payment, but defendant has failed to pay said sum, or any part thereof.

The action is predicated upon the theory that defendant had received money or property as, and presumably converted into, money which in fact belonged to plaintiff (2 Ency. of Pl. & Pr. 1016; *Kreutz* v. *Livingston,* 15 Cal. 344; *Ehrman* v. *Rosenthal,* 117 Cal. 491, [49 Pac. 460]; *Tutt* v. *Ide,* 3 Blatchf. 249, [Fed. Cas. No. 14,275b]), and as to the ownership of which defendant never at any time had any interest therein.

There is absolutely nothing in this finding which in the slightest way indicates that plaintiff had any interest in the

notes, or in the proceeds thereof, and hence it does not support the allegation of the complaint as to which issue is joined.

The finding, in effect, shows that Lynn-Lewis Company sold, transferred and assigned the entire interest in the notes and mortgages to defendant, who, with reference to the consideration, agreed that it would pay a part of the purchase money therefor, to wit, the sum of $400, to plaintiff's assignor. It thus clearly appears that whatever rights plaintiff had were not by virtue of defendant having received something as money, which, *ex aequo et bono*, it ought to refund and pay over to plaintiff, but by reason of an executory promise and agreement on the part of defendant, independently and regardless of the collection of the notes, to pay a part of the consideration for the purchase of these notes and mortgages to plaintiff's assignor. But the action is not founded upon such agreement, and hence there is no basis in the pleadings for such finding. The rule that findings of fact, when material, must be within the issues is too well settled to require citation of authorities. Being outside the issues, such finding must be disregarded so far as affording any aid in sustaining a judgment rendered thereon. (*Gamache* v. *School District*, 133 Cal. 145, [65 Pac. 301].)

Appellant also contends the action is barred by the statute of limitations. The court found to the contrary. The record does not disclose the date of the transfer of the notes other than that the transaction occurred in the month of June, 1904. It does, however, show that defendant converted them to its own use in July, 1904, and that on June 6, 1906, defendant, in writing, acknowledged its obligation in the sum of $400 to plaintiff. Conceding the statute was set in motion by such act of conversion, rather than at the date of the payment of the notes, we are nevertheless of opinion, upon this record, that the written acknowledgment of the obligation received in evidence fully supports the finding of the court in this respect. (*Concannon* v. *Smith*, 134 Cal. 14, [66 Pac. 40].)

We deem it unnecessary to discuss other points made by appellant.

The judgment and order are reversed.

Allen, P. J., and Taggart, J., concurred.