[S. F. No. 6109.   Department One.—September 8, 1913.]

## CRESCENT LUMBER COMPANY (a Corporation), Appellant, v. WILLIAM LARSON, Respondent.

PROMISSORY NOTE—JUDGMENT FOR DEFENDANT—FAILURE TO FIND ON ISSUE OF PAYMENT.—In an action to recover the amount due on a promissory note, where the allegation of nonpayment and the denial thereof presented the only issue made by the pleading, a judgment in favor of the defendant cannot be sustained without a finding on such issue.

ID.—NOTE SECURED BY MORTGAGE—FINDING NOT WITH ISSUES RAISED BY PLEADINGS ON TRIAL.—In such action a finding that the plaintiff held a conveyance of real estate as security for the note will not sustain a judgment for the defendant, where that issue was neither

raised by the pleadings nor tried without objection in the court below.

ID.—EVIDENCE OF DEED GIVEN AS PAYMENT—FINDING THAT DEED WAS INTENDED AS SECURITY.—The introduction in evidence by the defendant without objection of a deed to the plaintiff, in support of his contention that it was given and accepted as payment of the note, and the giving of rebuttal evidence by the plaintiff that it was not intended as payment, did not authorize the court to make a finding, in the absence of an issue to that effect raised by the pleadings, that the deed was intended as security for the note.

ID.—JUDGMENT FOR DEFENDANT FOR MONEY PAID IN PARTIAL DISCHARGE OF DEBT.—In an ordinary action to recover the amount due on a promissory note, which the court finds cannot be maintained for the reason that the note was secured by a mortgage, it is erroneous to render judgment for the defendant for money paid by him to the plaintiff in partial discharge of the original indebtedness.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Church, Judge presiding.

The facts are stated in the opinion of the court.

L. R. Weinmann, and Weinmann, Wood & Cunha, for Appellant.

Milton A. Nathan, for Respondent.

SLOSS, J.—This action was brought by plaintiff as indorsee of a promissory note for $5,734.44, dated August 27, 1909, payable one day after date, and made by the defendant William Larson to the Harbor Lumber Company or order. The complaint alleged that, with the exception of four hundred and thirty dollars paid on the principal, no part of the principal or interest due on the note had been paid.

The defendant's answer, after denying plaintiff's corporate capacity, and the indorsement to plaintiff, alleged that the note had been fully paid. By way of cross-complaint, he alleged that plaintiff was indebted to him in the sum of eight hundred and fifty-five dollars for money had and received to defendant's use. Plaintiff filed an answer to the cross-complaint, denying its material allegations.

The cause having been tried without a jury, the court made its findings to the effect that plaintiff was a corporation as

alleged, and that Harbor Lumber Company, the original payee, had indorsed the note to plaintiff. It further found that defendant had deeded to plaintiff's agent certain real property as security for the payment of said promissory note, and with the understanding and agreement that said agent was to reconvey the real estate to the defendant within ninety days, provided defendant paid within said time the sum of five thousand six hundred and four dollars, the balance due on said note; that defendant did not pay any part of said sum, except seven hundred dollars, within the ninety days; that plaintiff's said agent did not reconvey the realty, but that said realty is still retained for plaintiff as security for the payment of said note and that plaintiff, by reason of said transaction and said payment, became indebted to defendant in the sum of seven hundred dollars, for money had and received.

The conclusions of law were: 1. "That the action cannot be maintained by plaintiff until the security be first exhausted, and that plaintiff take nothing by its action; 2. That defendant have judgment against plaintiff on his cross-complaint for $700.00, interest and costs."

Judgment in defendant's favor for seven hundred dollars with interest and costs was accordingly entered.

From this judgment the plaintiff appeals, bringing up the evidence under the "new method" defined in section 953a of the Code of Civil Procedure.

The conclusions reached by the court below cannot be sustained. So far as the main action, that on the note, is concerned, there is no finding on the material issue of payment. With the exception of the denials of plaintiff's corporate capacity and of its ownership of the note—on both of which issues the findings were in favor of the plaintiff—the allegation of nonpayment and the denial thereof presented the only issue made by the pleadings. In the absence of a finding on this issue, the plaintiff's right to recover on its note could not be determined.

The court rested its refusal of relief to the plaintiff on the finding that plaintiff held a conveyance of real estate as security for the note. It is, of course, elementary law in this state that where a debt is secured by mortgage, the creditor must, under the provision of section 726 of the Code of Civil Procedure, bring an action to foreclose his mortgage, and is

not entitled to sue on the debt alone. (*Barbieri* v. *Ramelli,* 86 Cal. 154, [23 Pac. 1086]; *Crim* v. *Kessing,* 89 Cal. 487, [23 Am. St. Rep. 491, 26 Pac. 1074]; *Biddel* v. *Brizzolara,* 64 Cal. 362, [30 Pac. 609].) But here the pleadings raised no issue regarding security for the debt, and the finding, being entirely outside of the issues, must be disregarded. (*Burnett* v. *Stearns,* 33 Cal. 469; *Gregory* v. *Nelson,* 41 Cal. 279; *Ortega* v. *Cordero,* 88 Cal. 221, [26 Pac. 80].) The rule just stated is subject to the qualification that a finding may be considered where the issue, though not formally raised by the pleadings, was tried in the court below without objection. (*Illinois T. & S. Bank* v. *Pacific Ry. Co.,* 115 Cal. 285, [47 Pac. 60]; *Sprigg* v. *Barber,* 122 Cal. 573, [55 Pac. 419].) But this exception has no application to the case at bar. It is true that evidence of the execution of a deed by Larson to plaintiff's agent was introduced in evidence by the defendant without objection, and that it was also shown that at the same time the said agent had given Larson a paper agreeing to reconvey the land to him if he should, within ninety days, pay a certain sum, which was, in fact, the balance due on the note. But the defendant's contention was that the deed was made and accepted as payment of the note and the evidence introduced by plaintiff in this connection was offered for the purpose of rebutting the showing of payment. All of the evidence on this point was relevant to the issue of payment, which was in the case, and its introduction cannot therefore, be regarded as authorizing the determination of some other issue not presented by the pleadings. (*Riverside Water Co.* v. *Gage,* 108 Cal. 240, [41 Pac. 299].)

There is no force in the suggestion that it was harmless error to find, without any pleading presenting the issue, facts showing that the plaintiff was not in reality entitled to maintain its suit. If the defendant had set up the alleged mortgage in bar of plaintiff's action, it is quite possible that plaintiff might have shown that its right to recover on the note existed nevertheless. It might have shown, for example (as it is claimed it did show) that the security had, without its fault, been lost to it, in which event a simple action on the note would have been permissible. (*Savings Bank etc.* v. *Central Market Co.,* 122 Cal. 28, [54 Pac. 273]; *Otto* v. *Long,* 127 Cal. 471, 477, [59 Pac. 895]; see, also, *Toby* v. *Oregon Pac.*

*R. R. Co.,* 98 Cal. 490, [33 Pac. 550] ; *Hibernia S. & L. Soc.*
v. *Thornton,* 109 Cal. 427, 429, [50 Am. St. Rep. 52, 42 Pac.
447].) These are matters which could be determined · upon
proper pleadings, but were not brought before the court by the
complaint and answer here filed.

We are unable, further, to find any ground for sustaining
the judgment in favor of defendant on his cross-complaint.
The theory upon which plaintiff was denied a recovery upon
its note was that the conveyance to its agent was given as se-
curity, and that the land conveyed was still held as security
for the note. The conveyance, together with the agreement to
reconvey, were regarded by the court as constituting a mort-
gage. The payments made by defendant were made, as the
findings declare, under this agreement. This being so, all
that defendant did was to pay part of his secured debt. Even
if the note had been paid in full, the debtor would at most
be entitled to demand the return of his security. He would
have no right to repayment of what he had paid in discharge
of a valid obligation. Much less may he recover what he has
paid in partial discharge.

These considerations necessitate a reversal of the judgment.
Upon the return of the cause to the superior court, the parties
may, if so advised, apply to the court for leave to amend their
pleadings. We are not to be understood as expressing any
opinion regarding the real nature of the transaction by which
the land was conveyed by defendant to plaintiff's agent. We
do not doubt that, if this issue had been before the court, the
finding that the transfer was made as security for the note
would here be held to find adequate support in the evidence.
But this is a question of fact, and it will, if properly presented
by the pleadings, have to be decided by the trial court upon
the evidence before it. This court, when exercising appellate
jurisdiction, is not authorized to make findings of fact.

The judgment is reversed and a new trial ordered.

Shaw, J., and Angellotti, J., concurred.