[L. A. No. 3215. Department One.—December 3, 1913.]

ALONZO G. SIMMONS, Respondent, v. CHARLOTTE SIMMONS, Appellant.

TRIAL—FINDINGS—ISSUES NOT MADE BY PLEADINGS.—Findings on issues not made by the pleadings must be disregarded, and cannot furnish support for a judgment.

ID.—ACTION BETWEEN HUSBAND AND WIFE TO ADJUST PROPERTY RIGHTS —FINDING OUTSIDE ISSUES.—Where a man brings an action against his wife to establish that real estate, the legal title to which is in her, is community property, and the complaint counts upon an agreement whereby he was to furnish money for improving the property and in return be entitled to an interest therein, and the answer denies the agreement and alleges that the money furnished was a gift, a finding that the money was loaned is outside the issues and will not support a judgment against her for the amount of the money.

ID.—DAMAGES—AWARDING WHERE EQUITABLE RELIEF IMPOSSIBLE.—The rule that a court of equity will give relief by way of money

damages where, for any reason, the equitable relief sought cannot be granted, is applicable only when such relief is consistent with the case made by the complaint and embraced within the issue.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Swaffield & Munholland, for Appellant.

Geo. M. Holton, and Newman Jones, for Respondent.

SLOSS, J.—The defendant appeals from a judgment whereby plaintiff recovered of defendant the sum of one thousand dollars, with interest. The evidence is brought up by a bill of exceptions.

The nature of the action is fairly defined in the following statement, made by plaintiff's counsel at the opening of the trial. "This," it was said, "is a suit brought by the plaintiff to obtain the decree of this court to the effect that certain property is community property. The legal title is in the wife. The husband is plaintiff. He seeks the decree of this (the superior) court that the property is community property by virtue of an agreement between the parties at the time when he put in some five or six thousand dollars into the property."

The complaint alleges that the parties are husband and wife, having intermarried in April, 1906. At the time of the marriage, the defendant owned, as her separate property, a lot of land in the city of Long Beach. The lot, with the improvements thereon, was worth about four thousand dollars, and was subject to an encumbrance of one thousand five hundred dollars. At the time of the marriage, it is alleged, the parties agreed that plaintiff would furnish to defendant moneys equal to the value of her said lot, less the encumbrance thereon, with which to build a dwelling-house on said lot, and that the lot with such house and other improvements, should thereafter be the community property of plaintiff and defendant. The plaintiff alleges that he has performed the agreement on his part, that he furnished the defendant with about five thousand six hundred dollars, with which she erected a dwelling-

house on the lot, but that the defendant repudiates the agreement, denies that the lot is community property and claims that it, with the improvements, is her separate property, and that plaintiff has no interest therein. The prayer is for judgment that the lot is community property, that defendant be enjoined from selling or encumbering the same, and for general relief.

By her answer, the defendant alleges that the lot, at the time of the marriage, was worth six thousand five hundred dollars, and denies the making of the agreement set up in the complaint. She alleges that after the marriage, the plaintiff made various gifts of money to her, and that she used a portion of said moneys in the erection of a dwelling-house on said lot, and that it was understood that the house so erected should become a part of the land, and be defendant's separate estate. The answer admits that defendant has used a part of the moneys given her by plaintiff in erecting a house on the lot, admits that she claims said lot and improvements as her separate property and that she denies that plaintiff has any interest therein.

The court made findings as follows. The facts alleged in the complaint regarding the marriage, defendant's separate ownership of the property, and its value at the time of the marriage were found to be true. The allegations that an agreement had been made, providing that money should be furnished by plaintiff and that the lot should become community property, was found to be untrue. It was found that within two years, the plaintiff had loaned the defendant one thousand dollars, which, with other moneys, she had expended in building a dwelling on the lot. All other moneys paid by plaintiff to defendant were found to be gifts, and the land with its improvements, and all moneys except the said one thousand dollars, were found to be the separate property of the defendant.

From these facts the court drew the conclusion of law that the plaintiff was entitled to recover one thousand dollars from the defendant, and judgment was entered accordingly.

The appellant makes the contention that the finding upon which the judgment rests, i. e., that the plaintiff loaned one thousand dollars to the defendant, is outside of the issues presented by the pleadings and hence does not authorize the judg-

ment. The rule is well settled in this state that findings on issues not made by the pleadings must be disregarded, and cannot furnish support for a judgment. (*Burnett* v. *Stearns,* 33 Cal. 469; *Gregory* v. *Nelson,* 41 Cal. 279; *Morenhout* v. *Barron,* 42 Cal. 591; *Ortega* v. *Cordero,* 88 Cal. 221, [26 Pac. 80]; *Reed* v. *Norton,* 99 Cal. 617, [34 Pac. 333]; *Elmore* v. *Elmore,* 114 Cal. 516, [46 Pac. 458]; *Crescent Lumber Co.* v. *Larson,* 166 Cal. 168, [135 Pac. 502].)

It cannot be doubted that the issue whether money had been loaned by plaintiff to defendant was not among those raised by the pleadings. The complaint counted upon an agreement whereby plaintiff was to furnish money for the improvement of defendant's property and, in return therefor, was to become entitled to an interest in the property. The purpose of the action was, as declared in the opening statement, to obtain a decree establishing that interest. The answer denied the agreement. While it admitted that moneys had been furnished, it asserted that they had been transferred as gifts and not under the contract set up by plaintiff. The sole question raised by these pleadings was, then, whether the moneys furnished by plaintiff had been paid by him under the agreement on which he relied, or had been given by him to defendant. If the agreement had been established plaintiff would have been entitled to judgment declaring his interest in the property as claimed by him. The court finding that there had been no agreement, plaintiff was not entitled to relief. The defendant's averment that the moneys received by her were gifts were an incidental part of her denial that they had been furnished to her under the contract which plaintiff alleged. The finding that plaintiff had loaned defendant one thousand dollars was not responsive, either to any issue made by the pleadings or to the theory upon which the case was made and tried. The situation is closely parallel to that presented in *Elmore* v. *Elmore,* 114 Cal. 516 [46 Pac. 458]. There an action had been brought by the administratrix of a deceased wife against the husband. The complaint alleged that the deceased had furnished money to the defendant as her agent and trustee to purchase property for her; that he had made purchases, paying therefor in part with the money so furnished. The prayer was for an accounting and a conveyance of the property acquired with the money of

deceased. The court found against the allegations of agency and trust, but entered a personal judgment against the defendant for six thousand five hundred dollars, the amount of money received by defendant from his wife. The judgment was reversed on the ground that it was based upon a cause of action not set up in the complaint.

Respondent cites a number of cases laying down the rule that a court of equity will give relief by way of money damages where, for any reason, the equitable relief sought cannot be granted. But in every such case, facts alleged as giving the plaintiff a right to judicial redress were established, and the court merely held that the inability to give a particular kind of redress did not prevent the giving of such redress as was proper. The relief was always "consistent with the case made by the complaint and embraced within the issue." (Code Civ. Proc., sec. 580.) Here, however, as we have seen, the relief granted was inconsistent with the complaint and was entirely outside the issues.

The judgment is reversed.

Shaw, J., and Angellotti, J., concurred.