[Civ. No. 8152. First Appellate District, Division Two.—January 27, 1932.]

JOHN E. HART et al., Appellants, v. MERCHANTS TRUST COMPANY (a Corporation), Respondent.

232

Randall J. Hood for Appellants.

Rohe & Freston and Ralph E. Lewis for Respondent.

SPENCE, J.—This is an appeal by plaintiffs from a judgment entered by the trial court in an action brought to terminate a trust and to quiet title to certain real property.

The land consisted of a tract known as Oceana Beach bordering upon the Pacific Ocean. In 1905 plaintiffs' predecessors in interest conveyed the property to defendant Merchants Trust Company, in what may be termed a subdivision trust. In the same year a map of the tract was filed by the trustee and thereafter portions of the tract were sold. In 1926, after the purposes of the trust had been accomplished, plaintiffs brought this action. The claims of certain defendants were adjusted and a disclaimer filed. Other defendants defaulted. The action proceeded to trial against the defendants Merchants Trust Company, Dubin and Guiton. Plaintiffs claimed to be the sole beneficiaries under the trust and entitled to a conveyance from the trustee of the land remaining unsold and further claimed that the title thereto should be quieted against the claims of the defendants Dubin and Guiton. The answer of the defendant Merchants Trust Company admitted holding title to the remaining portion of the tract. It further alleged that a controversy existed between the plaintiffs and other defendants regarding their respective rights in certain portions of the tract, prayed that the court determine the conflicting claims of the parties and give judgment to said defendant for expenses incurred in connection with the trust. It

appears that a portion of the remaining land held by the trustee consisted of accretions to the original tract on the ocean shore which accretions extended westward to the mean high tide land and added to the amount of land in the tract. The map filed in 1905 showed numbered blocks to the east of Strand Avenue and blocks lettered A to I to the west thereof. At the time the map was filed the mean high tide line ran along the westerly edge of Strand Avenue as designated on said map. The answer of defendant Dubin raised the issue of ownership of certain lots in the numbered blocks to the east of Strand Avenue, said defendant claiming through a tax deed thereto. The answer of defendant Guiton raised the issue of ownership of all the lettered blocks being the blocks to the west of Strand Avenue and being the accretions, said defendants claiming through a quitclaim deed and through adverse possession. By its findings of fact and conclusions of law the trial court found and concluded that the legal title to all of the tract remaining unsold together with the accretions was in the trustee subject to the terms of the trust and that the entire beneficial interest in the trust was in plaintiffs subject to certain easements and that none of the defendants had any right, title or interest therein except that the land was subject to a certain easement in favor of defendant Guiton. It further found and concluded that the land west of Strand Avenue was subject to an easement in favor of the public. Further it concluded that the trust should be terminated and the remaining land conveyed to plaintiffs, but that as a condition precedent, plaintiffs should pay to the trustee the sum of $183.05 for expenses incurred and the sum of $500 for attorneys' fees in defense of the action. It further concluded that plaintiffs should pay to defendant Dubin the sums found to have been paid by him on account of taxes, penalties and costs upon the property described in the tax deed, which tax deed the court found to be void. Judgment was entered accordingly and no provision was made in the judgment for the recovery of costs by any of the parties. Upon motion the trial court subsequently struck out the cost bill filed by plaintiffs.

The sole appeal is by plaintiffs who do not seek a reversal but ask that the judgment be modified in certain particulars. Appellants contend that the judgment should be modified

first, by striking out all portions thereof and of the findings of fact and the conclusions of law declaring that the land between Strand Avenue and the mean high tide line is subject to a public easement; second, by providing for the recovery of costs by appellants; and third, by correcting the date therein of the recordation of the subdivision map. The Merchants Trust Company is the sole respondent appearing on this appeal. It does not attempt to answer the contentions made by appellants except that it claims that its position is similar to that of a plaintiff in an interpleader suit and that neither appellants' costs in the trial court nor upon appeal should be assessed against it.

Returning to the first requested modification, appellants contend that said portions of the judgment and of the findings of fact and conclusions of law should be stricken out for the reason that said portions are entirely outside the issues. We are of the opinion that this contention must be sustained. Despite the fact that the issue was neither raised by the pleadings nor on the trial, the court made findings and conclusions relating to the dedication of certain portions of the tract to public use and relating to public easements over certain portions of the tract. These findings and conclusions being outside the issues must be disregarded and cannot furnish support for the judgment or any part thereof. (*Crescent Lumber Co.* v. *Larson,* 166 Cal. 168 [135 Pac. 502]; *Simmons* v. *Simmons,* 166 Cal. 438 [137 Pac. 20]; *Drake* v. *Russian River Land Co.,* 10 Cal. App. 654 [103 Pac. 167]; *McCormick etc. Co.* v. *Nofziger Bros. L. Co.,* 10 Cal. App. 241 [101 Pac. 688]; *Los Angeles Brewing Co.* v. *Klinge,* 7 Cal. App. 550 [95 Pac. 44].) Based upon these findings and conclusions the trial court embodied the following provisions in the judgment, "That said strip of accretion is subject to the same easement that the public has in the westerly one-half of Strand avenue, which easement is one in the public and the purchasers of lots in said subdivision for the purpose of affording to the public and the said purchasers of lots access to the waters of the Pacific Ocean." Under the rule announced in the foregoing authorities we believe it proper to modify the judgment as requested and under the authority found in section 4¾ of article VI of the Constitution and section 956a of the Code of

Civil Procedure we believe it proper to strike from the findings of fact and conclusions of law those portions relating to dedication to public use and relating to public easements.

■ The second requested modification relates to costs. Appellants contend that they were entitled to costs as a matter of right under the provisions of section 1022 of the Code of Civil Procedure. This was an action to terminate the trust as well as to quiet title to the property. The trial court determined that appellants were entitled to termination thereof but only upon payment of certain expenses incurred by the trustee as alleged in the cross-complaint. It further determined that title should be quieted but only upon payment by appellants of certain sums to respondent Dubin and then subject to an easement over a strip of land in favor of respondent Guiton. In our opinion this action falls under section 1025 of the Code of Civil Procedure covering other actions than those mentioned in section 1022. In such cases costs may be allowed or not in the discretion of the court and we believe that the trial court properly exercised its discretion by omitting any provision for the recovery of costs by any of the parties.

The third requested modification relates to a clerical error in the date of the recordation of the map of the subdivision of Oceana Beach. This date is erroneously set forth in the judgment as August 10, 1906, and should have been August 10, 1905. The error is conceded by the respondent appearing herein and we deem it proper to modify the judgment to correct this error.

The judgment is modified by striking out the following paragraph, "That said strip of accretion is subject to the same easement that the public has in the westerly one-half of Strand avenue, which easement is one in the public and the purchasers of lots in said subdivision for the purpose of affording to the public and the said purchasers of lots access to the waters of the Pacific Ocean", and the findings of fact and conclusions of law are modified by striking therefrom all findings and conclusions relating to dedication to public use of any portion of the property or public easements thereon. Said judgment is further modified by striking out the date of "August 10, 1906" as the date of filing the map of the subdivision of Oceana Beach, and inserting

in lieu thereof the date "August 10, 1905". As so modified, the judgment is affirmed, the parties to bear their own costs on this appeal.

Nourse, P. J., and Sturtevant, J., concurred.