[Civ. No. 13823.   Second Dist., Div. One.   Jan. 4, 1943.]

ROSE BERG, Respondent, v. ALLA R. BERG et al., Appellants.

Chandler & Wright for Appellants.

Benjamin J. Goodman for Respondent.

DRAPEAU, J. pro tem.—█ Omitting recitals, the judgment appealed from is as follows: "That plaintiff, Rose Berg, recover of and from the said defendant, doing business under the fictitious firm name and style of Mortuary Management, the sum of $1687.50."

Two parties defendant were named in the complaint, first, as individuals, secondly, as parties defendant doing business under a fictitious firm name, and thirdly, as parties defendant doing business as co-partners.

The trial court found that the defendants were not doing business under a fictitious name, nor as co-partners; that one of them as executrix of an estate not a party to the litigation, employed the plaintiff and agreed to pay her for her services.

The findings not only do not support the judgment, but expressly negative it. We have read them as a whole in an endeavor, if possible, to affirm the judgment (*Feldmeier* v. *Mortgage Securities, Inc.,* 34 Cal.App.2d 201 [93 P.2d 593]). But there is nothing which from this premise may uphold the judgment.

█ It is obvious that a judgment, being the affirmance by the law of the legal consequences attending a proven or admitted set of facts must conform to the findings of fact and conclusions of law. (24 Cal.Jur. 996; *Proctor* v. *Smith,* 214 Cal. 227 [4 P.2d 773].) In an endeavor to avoid consequences following preparation by counsel of incomplete or insufficient or inadequate findings, the California courts have recognized several exceptions to the general rule.

For instance, if immaterial findings do not support the judgment, nevertheless it may not be set aside if the parties have made admissions which will support it. (*Palmer* v. *Fix,* 104 Cal.App. 562 [286 P. 498].) Findings which were not carried into the judgment may be disregarded. (*Switzer* v. *Yunt,* 5 Cal.App.2d 71 [41 P.2d 974].) But, unless some exception to the basic rule may be found in a case such as this, there can be no valid judgment not supported by findings. [1b] It is impossible to sustain the judgment against the defendants as individuals because finding VI negatives any employment of the plaintiff by the defendants as such. There

may be no judgment against the defendants as co-partners because finding III negatives the allegation of the complaint that they were such co-partners. The only one of the findings upon which judgment against either defendant may be predicated is finding VI to the effect that the defendant as executrix of an estate not a party to the litigation contracted for, and was liable for, the personal services.

The parties in their briefs agree that the finding as to liability of the defendant as executrix is without the issues and therefore may not support the judgment. (*Stoneman* v. *Fritz,* 34 Cal.App.2d 26 [92 P.2d 1035]; *Renwick* v. *Garland,* 1 Cal.App. 237 [82 P. 89]; *Chetwood* v. *California National Bank,* 113 Cal. 414 [45 P. 704].)

Despite familiar rules concerning affirmance of judgments on appeal when the record consists of the judgment roll alone, in this case there is nothing in the findings of fact and conclusions of law which will support the judgment.

The judgment is reversed.

York, P. J., and Doran, J., concurred.