[Civ. No. 13425. First Dist., Div. Two. Nov. 25, 1947.]

PALPAR, INC. (a Corporation), Appellant, v. W. H. THAYER, JR., Respondent; EDWARD MILLER, Intervener and Respondent.

Alfred J. Harwood for Appellant.

Elizabeth Cassidy for Respondents.

DOOLING, J.—This appeal is taken on the judgment roll. The plaintiff and appellant, Palpar, Incorporated, filed its complaint as vendee and assignee of Morton. The complaint alleged the purchase by Morton and respondent Thayer in 1941, under a contract of conditional sale of a certain tractor and equipment; the full payment of the purchase price; the coownership of Morton and Thayer; an arrangement between Morton and Thayer for Thayer's use of the tractor with an agreement to pay Morton one-half of the profits received by Thayer from its use and operation; and the transfer by Morton of all his rights to the plaintiff. The complaint further alleged that the defendant Bank of America National Trust and Savings Association claimed an interest in the property under chattel mortgage, contract, or assignment claimed to have been made by Thayer. Plaintiff prayed for a partition by sale, an accounting from Thayer and such other relief as might be proper.

Thayer filed an answer, the allegations and denials of which will be discussed in the consideration of the questions raised on the appeal. Bank of America National Trust and Savings Association filed an answer alleging the execution by Thayer to it of a chattel mortgage on the property to secure the repayment of a loan. Thereafter, by leave of court, Miller filed a complaint in intervention alleging that he, solely as an accommodation maker, had joined with Thayer in the execution of a promissory note to Bank of America National Trust and Savings Association; that to secure the payment of this note Thayer had given the bank a chattel mortgage on the property in litigation; that plaintiff in intervention later was given a bill of sale of said property by Thayer to secure him against loss from his liability on the note; and that plaintiff in intervention paid the full amount due on the note to the bank and received from it an assignment of the note and chattel mortgage. Plaintiff in intervention prayed that, if the court adjudicates that plaintiff has an interest in the property and orders it sold, it further order the repayment from the proceeds to plaintiff in intervention of the amount of said note; and, if the court determines that plaintiff has no interest, for judgment against Thayer for the amount of the note and sale of the property by way of foreclosure of the chattel mortgage. Thayer filed no answer to the complaint in intervention. Palpar, Incorporated and Morton filed an answer thereto. The court gave judgment denying all relief to appellant Palpar, Incorporated on its complaint and in favor

of Miller on his complaint in intervention against Thayer on the promissory note and directing the foreclosure sale of the property involved.

For clarity of discussion it is noted that Bank of America Trust and Savings Association is no longer asserting any interest in the litigation and that the interest of plaintiff in intervention is purely a derivative one, since all the rights that are asserted by him in the property stem ultimately from Thayer and depend upon Thayer's title. Neither by answer nor in his complaint in intervention did Miller put in issue any of the allegations of appellant's complaint, the only issues on the complaint being those tendered by Thayer's answer. Since the only issues as to appellant's title were made by Thayer's answer the judgment must be reversed if error is shown in the disposition of those issues.

The complaint alleges in paragraphs 1 and 2 that Morton and Thayer on June 11, 1941 purchased the property for a total price of $4,120 from Mechanical Farm Equipment Distributors under a contract of conditional sale which is set out *in haec verba*. These allegations are expressly admitted in Thayer's answer. The complaint alleges in paragraph 3 that the sum of $1,000 was paid upon the execution of the contract, $800 by Morton and $200 by Thayer; and further that the full purchase price has since been paid. The answer "denies that said sum of $800 was paid by H. Morton, or that any other sum was paid by said H. Morton other than the sum of $1,000.00;" admits the full payment of the purchase price and alleges that upon the execution of the contract Thayer paid $1,000.

The complaint in paragraph 4 alleges an agreement between Morton and Thayer for Thayer's use of the property, Morton to receive one-half of the profits therefrom. The answer denies these allegations and alleges that at the time of the purchase of the property Morton and Thayer verbally agreed that Thayer "would be the owner of said personal property upon his payment to H. Morton, either in services or in cash, the said sum of $1000.00 paid by said H. Morton on the purchase price of said personal property as hereinabove admitted"; and that Thayer "has paid said H. Morton the said amount of $1000.00 by rendering services to him of the value of $1000.00, and in accordance with said verbal agreement."

In paragraph 5 the complaint alleges that ever since June 11, 1941, and until the date of the sale and assignment to

the plaintiff by Morton, Morton and Thayer "were co-owners of said personal property and each owned an individual one-half interest therein." The answer denies these allegations and alleges sole ownership at all times in Thayer.

The issues and admissions on the question of title may be summarized as follows: It was admitted that Morton and Thayer as purchasers entered into a contract of conditional sale with Mechanical Farm Equipment Distributors as seller, that Morton paid at least $800 on the purchase price (Thayer alleged $1000) and that the purchase price had been fully paid. It followed as a matter of law from these admitted facts that (in the absence of other facts) title vested in Morton and Thayer as purchasers under the terms of the contract of conditional sale upon the admitted payment of the purchase price in full. To countervail the effect of these admissions Thayer alleged a verbal contract with Morton that Thayer would be the owner of the property upon payment to Morton of $1,000 in services or cash and that Thayer performed this contract by rendering services to Morton of the value of $1,000 in accordance with this agreement. These affirmative allegations of the answer were put in issue, being "deemed controverted" under Code of Civil Procedure, section 462.

The trial court found in contradiction of the admitted facts "that it is not true that on the 11th day of June, 1941 the plaintiff's assignor, H. Morton, and the defendant purchased from Mechanical Farm Equipment Distributors" the property in litigation.

The trial court found, outside of any issue made by the pleadings, that Morton's name "was placed upon the Bill of Sale for said tractor with the intention of the parties of providing security for the purchase price of said tractor to the vendor . . . ."

The court further found, outside of any issue made, that at the time of the purchase Morton was indebted to Thayer in the sum of $1,962.71; that Morton paid $1,800 of the purchase price but that it was the intention of the parties that such payment should go toward reducing the debt owing from Morton to Thayer.

As to these findings it is argued by counsel for respondents that we must presume on a judgment roll appeal in support of the judgment that the issues were enlarged upon the trial to embrace them by the conduct of the parties.

Under rule 52 of the Rules on Appeal we can no longer indulge such presumption. (*Alkus* v. *Johnson-Pacific Co.*, 80 Cal.App.2d 1 [181 P.2d 72].) ▮ If in fact the issues were enlarged on the trial respondents may make that showing by asking for an augmentation of the record under rule 5 (f) (Id. p. 12 et seq.), but in the absence of such request for augmentation we must presume under rule 52 that the record "includes all matters material to a determination of the points on appeal."

▮ An allegation of fact which is admitted in the answer must be treated as admitted on appeal (*Sterling* v. *Title Ins. & Trust Co.*, 53 Cal.App.2d 736, 742 [128 P.2d 31]) and ▮ a finding contradicting an admission in the pleadings is erroneous and must be disregarded. (*Welch* v. *Alcott*, 185 Cal. 731, 754 [198 P. 626]; *Stoneman* v. *Fritz*, 34 Cal.App. 2d 26, 31-32 [92 P.2d 1035]; *Gardenswartz* v. *Equitable etc. Soc.*, 23 Cal.App.2d Supp. 745, 752 [68 P.2d 322]; *Ortega* v. *Cordero*, 88 Cal. 221 [26 P. 80]; 21 Cal.Jur. 157; 2 Cal.Jur. 1032.) ▮ Nor can findings outside the issues support a judgment. (*Crescent Lumber Co.* v. *Larson*, 166 Cal. 168, 171 [135 P. 502]; *Simmons* v. *Simmons*, 166 Cal. 438, 440 [137 P. 20]; *Berg* v. *Berg*, 56 Cal.App.2d 495, 497 [132 P.2d 871]; *Hart* v. *Merchants Trust Co.*, 120 Cal.App. 231, 234 [8 P.2d 162]; 24 Cal.Jur. 983-984; 2 Cal.Jur. 1031.)

Respondents point to the allegation and denial of ownership and a finding of the court that it is not true that Morton and Thayer were co-owners but that Thayer was the sole owner of the tractor. ▮ While the pleading of ownership may be that of an ultimate fact (21 Cal.Jur. 37) this is not true when it appears that the allegation of ownership is based on evidentiary facts likewise pleaded, in which case it becomes a mere conclusion of law. (*Morel* v. *Morel*, 203 Cal. 417 [264 P. 760]; *Cohn* v. *Klein*, 209 Cal. 421, 425 [287 P. 459]; *Prudential Petroleum Co.* v. *Peck*, 132 Cal.App. 4, 8 [22 P.2d 559]; *Davies* v. *Ramsdell*, 40 Cal.App. 424, 430-431 [181 P. 94]; 21 Cal.Jur. 37-38.) ▮ It is clear that the allegation of co-ownership in Morton found in the complaint was the pleader's conclusion from the facts theretofore pleaded, the purchase of the tractor by Morton and Thayer under contract of conditional sale and the fact that the purchase price was fully paid; it is equally clear that Thayer's denial of co-ownership in Morton, following as it does the admission of the joint purchase by Morton and Thayer, is the pleader's conclusion

from his allegation that Thayer had become owner by virtue of his performance of the alleged verbal agreement to repay Morton $1,000 advanced by him. There was no finding on this affirmative allegation of Thayer's answer, and the only findings to support the conclusion that Morton was not a co-owner of the property are the findings above discussed which were either contradictory of expressly admitted facts or wholly outside the issues made by the pleadings. Under the authorities cited these findings furnish no legal support for the judgment.

Under Code of Civil Procedure, section 647, "the final decision" is "deemed to have been excepted to" and the insufficiency of the findings to support the judgment may be urged on appeal although appellant neither excepted to the findings nor sought their amendment. (*Wilcox* v. *Sway,* 69 Cal.App.2d 560, 564 [160 P.2d 154].)

By augmentation of the record it appears that the property has been sold on foreclosure pursuant to the judgment. This fact cannot deprive appellant of the right of appeal. (*Boggs* v. *North American Bond etc. Co.,* 6 Cal.2d 523 [58 P.2d 918] ; *Di Nola* v. *Allison,* 143 Cal. 106 [76 P.976, 101 Am.St.Rep. 84, 65 L.R.A. 419].)

The right of Miller to intervene in the partition suit is questioned by appellant. It was not only the right (Code Civ. Proc. § 387) but the duty of Miller to intervene (*Towle Bros Co.* v. *Quinn,* 141 Cal. 382, 385 [74 P. 1046]). "A claim or lien upon the property which is the subject of the litigation generally gives a right to intervene." (*Elms* v. *Elms,* 4 Cal.2d 681, 685 [52 P.2d 223].)

The judgment is reversed.

Nourse, P. J., and Goodell, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied January 22, 1948.