[Civ. No. 13572. First Dist., Div. Two. Feb. 24, 1948.]

PALPAR, INC. (a Corporation), Respondent, v. W. A. THAYER, JR., Appellant.

810

Elizabeth Cassidy for Appellant.

Alfred J. Harwood for Respondent.

DOOLING, J.—Plaintiff recovered judgment against defendant upon a book account for rock sold and delivered, from which judgment defendant appeals. Appellant designated certain exhibits to be included in the clerk's transcript pursuant to rule 5 (a), Rules on Appeal. He also requested a partial reporter's transcript without stating the points to be raised by him on appeal as required by rule 4 (b), Rules on Appeal. When respondent pointed this out in the lower court and requested a complete reporter's transcript appellant moved to strike the reporter's transcript and this motion was granted. The appeal is therefore presented to us on the clerk's transcript alone.

Another action involving the same parties was before us on appeal in *Palpar, Inc.* v. *Thayer*, 82 Cal.App.2d 578 [186 P.2d 748]. In that case plaintiff as assignee of one Morton was seeking the partition of a tractor and an accounting of the profits from the tractor's operation. In the proceeding now on appeal the plaintiff is also suing as assignee of Morton. Appellant pleaded another action pending and res judicata. On appeal he also asserts a splitting of causes of action. We find nothing in any of these points. It is too patent for need of elaboration that a cause of action for rock sold is not the same as a cause of action for a share of the profits from the operation of a tractor. A party may bring separate suits on separate causes of action even if joinder is allowed. (1 Cal.Jur. 346; *Lynch* v. *Kemp*, 4 Cal.2d 440 [49 P.2d 817].) The question whether or not the two causes of

action were included in one assignment from Morton is likewise immaterial, so long as they were both assigned either by one or separate assignments which is undisputed.

■ Appellant also asserts that the evidence does not support the finding of a book account. A single ledger page is included in the exhibits in the clerk's transcript. On its face it supports the judgment. Appellant argues that a single page is not a book of account. There is no showing that this page was not taken from a complete ledger for convenience of introducing it in evidence.

In *Palpar, Inc.* v. *Thayer, supra,* 82 Cal.App.2d 578, we adverted to rule 52, Rules on Appeal. That rule reads:

"If a record on appeal does not contain all of the papers, records and oral proceedings, but is certified by the judge or the clerk, or stipulated to by the parties, in accordance with these rules, it shall be presumed in the absence of proceedings for augmentation that it includes all matters material to a determination of the points on appeal."

■ The purpose of the rule is to permit appeals to be presented on the shortest possible record which will show the error complained of. ■ If error appears on the face of a partial transcript it must be presumed under rule 52 that the transcript is complete on that point and that the error was not cured by some other proceedings not included; but the rule does not do away with the necessity of affirmatively showing error, and if no error appears on the face of the partial transcript the appellate court will not presume that if the whole transcript had been presented some error would appear. (See *Alkus* v. *Johnson-Pacific Co.,* 80 Cal.App.2d 1 [181 P.2d 72], where this rule is elaborately discussed.) ■ Since the mere fact that a single ledger page was introduced does not show that it was not taken from a true account book no error in that regard appears on the face of the record before us.

■ This is likewise true of the claim that the entries were for lumped items and not contemporaneously made with the transactions recorded. The transcript does not show any objection to the admission of the ledger sheet in evidence. If it was admitted without objection appellant cannot now urge an objection to the time or manner of making the entries. (*Argue* v. *Monte Regio Corp.,* 115 Cal.App. 575, 579 et seq. [2 P.2d 54].)

A statement is included in the clerk's transcript which is claimed to constitute an account stated. There is nothing

in the partial transcript to show that this statement ever came to Morton's attention or that he accepted it by written or oral word or conduct. No error of any sort appears on the face of the transcript.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 22, 1948.