[Civ. No. 26460.   Second Dist., Div. Four.   Apr. 15, 1963.]

BEN YOST, Plaintiff and Respondent, v. HILLCREST
MOTOR COMPANY, Defendant and Appellant.

Sandler & Rosen and Nelson Rosen for Defendant and Appellant.

Emanuel Rothman and Harriet Hamilton for Plaintiff and Respondent.

KINGSLEY, J.—Sometime in the fall of 1960, plaintiff Yost entered into an arrangement with Jack Weiner, (doing business as Jack Weiner Auto Sales) whereby, in consideration of the appearance by plaintiff on a television program advertising Cadillac Motor Car Division products, Weiner agreed to "deliver to plaintiff through an authorized Cadillac dealer" a 1961 Cadillac for the sum of $5,418.   Plaintiff accepted the offer and Weiner executed and delivered to plaintiff an automobile purchase order dated August 1, 1960. Plaintiff paid Weiner certain sums and the purchase order was endorsed "Paid in full" by Weiner.   As far as can be ascertained from the record, plaintiff fully performed his part of the arrangement with Weiner.

Sometime in December 1960, delivery of a car not having been made, Weiner tendered to plaintiff a check for all monies paid by plaintiff to Weiner.   For reasons not disclosed at the trial, this check was never cashed and was in the possession of plaintiff at the date of trial. Instead of carrying through

this rescission, Weiner, on December 28, 1960, took plaintiff to the place of business of defendant motor company. After some discussion with defendant's salesman, defendant delivered a 1961 Cadillac to plaintiff on receipt of (a) plaintiff's check for $286 to cover certain automobile accessories (the validity and soundness of this check is not questioned) and (b) Weiner's check, payable to defendant, for $8,348.81. The latter check was dishonored on presentation and defendant offered to return plaintiff's $286 and demanded return of the automobile.

The complaint alleged Weiner had, at all times, been acting as the agent of defendant, that the monies paid by plaintiff to Weiner were paid to him as agent for defendant, and that defendant had, thus, been fully paid for the automobile. The answer denied any agency in Weiner, alleged that Weiner was the agent of plaintiff, that the sale was made on a representation which plaintiff knew or should have known was false—namely that Weiner's check was good, and that the sale was conditional on plaintiff's and Weiner's checks being paid on presentation. The pretrial statement, incorporated into the pretrial order, set forth the issues as follows:

"1. Whether Jack Weiner was the agent of defendant.

"2. Whether Jack Weiner was the ostensible agent of defendant.

"3. Whether Jack Weiner was the agent of plaintiff.

"4. Whether plaintiff was entitled to all right, title and interest in and to said Cadillac automobile.

"5. Whether defendant accepted the checks in the amounts of $286.00 and $8,348.81 as conditional payment of the purchase price of said automobile, namely, conditioned upon the payment of said checks when presented for payment to the banks upon which drawn.

"6. Whether title to said automobile, and the right of ownership therein, remained in defendant until such time as payment of said checks to defendant was made.

"7. Whether at the time that the check in the sum of $8,348.81 was delivered to defendant it was represented to the defendant that said check was good and would be paid upon presentment; whether defendant believed said representation, and in reliance thereon, was induced to accept said check and deliver possession of said automobile to plaintiff; whether at said time plaintiff knew or in the exercise of ordinary care should have known that said check would not be paid when presented by defendant to the Union Bank for payment.

"8. Whether defendant accepted said check of $8,348.81 as conditional payment of a part of the purchase price of said Cadillac automobile in the belief that said check was a valid and good check and would be paid by the bank upon which drawn when presented for payment; whether at said time plaintiff knew, or should have known, that defendant was mistaken in its belief, and failed to advise or disclose to defendant that said check would not be paid upon presentment.

"9. Whether, by reason of the non-payment of said check of $8,348.81, there has been a failure of the consideration for defendant's agreement to sell said automobile to plaintiff."

At the trial, after defendant admitted that Weiner's check had, at his request, been held for several days, because Weiner had asked that "for tax reasons" it not be presented for payment until 1961, it having been delivered to defendant on December 28, 1960, the trial judge announced: "I do not see that there is any necessity for evidence in this case, in view of the agreed statement of facts and this last stipulation." Although some testimony was introduced, it is clear that the judge adhered to the position throughout the trial that, as a matter of law, the sale was made by defendant solely on the credit of Weiner and that it was, therefore, final as to Yost, even though the credit failed.[1]

While findings ultimately were made on the issue of agency, no testimony was allowed on that issue, nor was any testimony permitted as to plaintiff's knowledge of Weiner's fraudulent purposes (a point which exploration of the uncashed check transaction might have illuminated). The case was decided by the trial court on the concept stated above, which was nowhere suggested by either pleadings or pretrial statement. The court maintained that agency was not involved in the case.

While it is true that, if issues not presented by pleadings or pretrial statement are actually litigated, no error necessarily occurs (*Lein* v. *Parkin* (1957) 49 Cal.2d 397, 400-401 [318 P.2d 1]), here appellant objected continuously to the interjection of this new issue. The unpleaded issue of reliance on credit of another was neither " 'actually or intentionally tried' " nor did defendant " 'consciously participate or acquiesce in the trial as if the issue had been made by the pleadings.' " (*Lein* v. *Parkin, supra*, p. 401; *Miller* v. *Peters* (1951) 37 Cal.2d 89, 93 [230 P.2d 803].) Defend-

---

[1]We express no opinion as to the validity of this theory if in issue and supported by evidence.

ant's requests for a continuance to meet this "issue" were denied. ■ It is well settled that findings must be confined to the issues in the case. Findings made outside the issues may be disregarded. (*Crescent Lumber Co.* v. *Larson* (1913) 166 Cal. 168, 171 [135 P. 502]; *Iusi* v. *City Title Ins. Co.* (1963) 213 Cal.App.2d 582, 586 [28 Cal.Rptr. 893]; *Palpar, Inc.* v. *Thayer* (1947) 82 Cal.App.2d 578, 583 [186 P.2d 748].) ■ A party must recover upon the cause of action set out in his pleading and in the pretrial order and not on new issues created during the trial.

The case is remanded for new trial, without prejudice to such amendments to the pleadings, or the pretrial orders, as the parties may desire and the court may allow.

Burke, P. J. and Jefferson, J., concurred.

A petition for a rehearing was denied May 1, 1963.