[Civ. No. 4458. Second Appellate District, Division Two.—February 13, 1924.]

## DANIEL W. SHOEMAKER, Respondent, v. ASHTON S. COOKE, Appellant.

[1] EJECTMENT—ISSUES—FINDINGS—EVIDENCE—JUDGMENT.—In an action in ejectment to recover possession of land from the vendee under a contract of sale, where it is not alleged in any of the pleadings that a crop mortgage was executed by defendant to secure payment of the installments due under the contract, and there is no finding on the subject, and the evidence showing the execution of such mortgage is admitted over the objection of plaintiff, there is no merit in the contention that plaintiff is not entitled to judgment for the reason that the action in ejectment cannot be maintained until after plaintiff had proceeded by action to foreclose the mortgage.

[2] ID.—SALE OF LAND—ACCEPTANCE OF LESS THAN AMOUNT DUE—WAIVER OF SUBSEQUENT DEFAULTS.—Where a contract for the sale of land makes time of the essence and gives the vendor the right of forfeiture, a vendor, by the mere act of accepting less

than the amount due upon the installment payable on a given date, does not waive the right of forfeiture based upon subsequent defaults.

APPEAL from a judgment of the Superior Court of Imperial County. S. M. Marsh, Judge. Affirmed.

The facts are stated in the opinion of the court.

Guy L. Rockwell and H. B. Stewart for Appellant.

Burke & Tatlow, Banta & Banta and H. M. Lineman for Respondent.

WORKS, J.—Plaintiff and defendant Cooke, on January 10, 1919, entered into a written contract whereby the former agreed to sell and the latter agreed to buy a parcel of land. The purchase price was $15,000 and the sum of $500 was paid at the execution of the agreement. The balance was to be paid in installments of $1,500 on or before July 1, 1919, $1,000 on or before December 1, 1919, and certain later installments not necessary to be mentioned. The agreement provided that the vendee should be let into the immediate possession of the property; that time was of the essence of the contract; that the vendee's failure to pay any installment when due should work a forfeiture of his right to the property and a forfeiture of all payments theretofore made; and that the vendee would, immediately upon the execution of the agreement make to the vendor a chattel mortgage upon all crops to be grown upon the property in 1919 and 1920 to secure the installments due during those years. The vendee entered into the possession of the property on the day of the execution of the agreement for purchase and sale.

The present action, commenced for the purpose of ejecting defendant Cooke from the land described in the agreement of sale, was instituted by means of an ordinary complaint in ejectment, no reference being made therein to the agreement. The answer of defendant Cooke denied the material allegations of the complaint. It also pleaded the agreement for sale and purchase and contained, among others, the following averments: That defendant was unable to pay in time the installment of $1,500 due on the property on July 1, 1919;

that on or about August 1, 1919, he paid $800 on account of that installment and that it was then and there orally agreed between him and plaintiff that it would be inadvisable to put a summer crop on the land in controversy during 1919 and that defendant Cooke might have such an extension of time as would enable him thereafter to grow a crop of barley on the land and to harvest and sell the same in order to enable him to pay the balance of the installment of $1,500 and the installment of $1,000 due December 1, 1919; that on or about October 1, 1919, and in good season, defendant Cooke sowed barley on the land and thereafter caused to be grown a first-class crop of barley thereon; that at no time up to April 22, 1920, did plaintiff attempt to interfere with defendant Cooke's possession of the land, or attempt to collect any moneys under the contract of sale and purchase, or attempt to claim any forfeiture under the contract, but that up to that date he so conducted negotiations with defendant Cooke as to lead the latter to believe, and he did believe, that plaintiff intended to and would carry out the oral agreement for an extension of time, made on or about August 1, 1919; that on April 22, 1920, when the crop of barley on the land was ready to be harvested, plaintiff served on defendant Cooke a notice declaring a forfeiture of the contract because of his failure to pay the balance due of the installment of July 1, 1919, and the installment of December 1, 1919; and that the notice was the first intimation defendant Cooke ever had that plaintiff was dissatisfied with the arrangement made on or about August 1, 1919. Thereafter defendant Cooke filed a supplemental answer and plaintiff filed an amended complaint. It is not necessary to state the nature of these pleadings. Judgment went for plaintiff and defendant Cooke appeals.

[1] Appellant, having in mind the provision of the agreement between the parties binding appellant to execute to respondent a crop mortgage, contends that respondent was not entitled to judgment for the reason that an action like the present could not properly have been maintained until after respondent had proceeded by action to foreclose the mortgage. In support of this contention, appellant cites section 726 of the Code of Civil Procedure, which opens with the provision, "There can be but one action for the recovery of any debt, or the enforcement of any right se-

cured by mortgage upon real or personal property, which action must be in accord with the provisions of this chapter,'' the chapter being one relating to actions for the foreclosure of mortgages. We need express no opinion upon the question whether section 726 has a bearing upon such a state of facts as is shown here. It is enough to say in disposing of appellant's point that there is no crop mortgage in the case. It is not alleged in any of the pleadings that the mortgage was ever given, nor did the court find either that it was given or that it was not given. There was, it is true, some oral evidence in the record to the effect that the mortgage was executed, but when a witness was asked whether he had the mortgage in his possession respondent objected ''to any evidence along this line, that if this is a defense, it should have been pleaded.'' Later, he made the objection to a preliminary question concerning the mortgage that it was ''irrelevant, incompetent and immaterial, not covering any issues in this case.'' When the mortgage was offered the objection was made that ''it is absolutely irrelevant and pertains to no issue in this case.'' The trial court, however, admitted the mortgage in evidence. A situation kindred to the one now before us was considered by the supreme court in *Crescent Lumber Co.* v. *Larson,* 166 Cal. 168 [135 Pac. 502]. That action was brought to secure judgment on a promissory note and the trial court found that a conveyance had been executed as security for the payment of the note. After referring to the effect of section 726 of the Code of Civil Procedure in such cases, the supreme court said: ''But here the pleadings raised no issue regarding security for the debt, and the finding, being entirely outside the issues, must be disregarded. . . . The rule just stated is subject to the qualification that a finding may be considered where the issue, though not formally raised by the pleadings, was tried in the court below without objection.'' In the present case the pleadings were barren of allegation concerning the existence of the mortgage, the question was not tried without objection, and there was no finding upon the subject. It is plain that appellant's point is without merit.

The next question presented by appellant is thus stated: ''The plaintiff by accepting less than the sum due upon the July payment, and by his agreement to permit the de-

fendant to continue farming the premises and to put in a crop and by his further consenting to wait for the defendant to attempt to raise the December payment for ten to thirty days after the same was due, and his failure to make demand of performance before declaring forfeiture, waived his right to declare any forfeiture.'' It will be observed that this statement, combining both matter of fact and of law, is not directed at any finding of the trial court as being without support in the evidence, nor at any error of law which it is claimed that the court committed. Further, nowhere in his argument upon the many-sided question presented by his statement does appellant so direct any part of it. As, however, the question is argued at some length, we shall make in appellant's behalf such assumptions as will allow an application of his statement to all questions toward which we are able to conceive that he intended to direct it.

We shall assume that appellant intends the contention that findings to the following effect are not supported by the evidence: 1. That the parties never entered into any agreement whereby appellant might have such an extension of time in which to make payment of the balance of the installment due July 1, 1919, after payment thereon of $800, as would enable appellant to raise a barley crop. 2. That the parties made no agreement to extend the time of payment of the installment due December 1, 1919. 3. That appellant did not plant and care for any barley crop pursuant to any agreement with respondent for an extension of time in which to make any payments under the contract. 4. That respondent, at various times before April 22, 1920, demanded payment of the balance remaining due of the installment which became payable July 1, 1919, and of the installment which fell due December 1, 1919. Is there evidence in the record to support these four findings? This question must be answered in the affirmative as to each finding. On the score of the first, respondent testified positively that there was never any agreement such as that mentioned in the finding and that he and appellant never conversed upon the subject of such an agreement. As to the second, respondent on the stand denied the existence of the agreement mentioned therein and denied any conversation concerning such an agreement. All question as

to the third is disposed of by the testimony mentioned in the two sentences immediately preceding the present one. The fourth is supported by testimony of respondent showing that from December, 1919, to April, 1920, he made frequent and persistent demand for the payment of the installments due under the contract. This condition of the evidence as to the four findings assumed by us to be attacked by appellant effectually disposes of his point. [2] The question presented by him culminates in the contention that respondent waived his right to declare a forfeiture of appellant's rights under the contract between them, this for the various reasons set forth in appellant's statement of his point. The state of the evidence leaves but one of those reasons, the acceptance of less than the amount due upon the installment payable July 1, 1919, as a support for the contention made. It can hardly be said that the right to declare a forfeiture was waived because of that circumstance alone. Much more is necessary to produce such a result under the law. (See *Boone* v. *Templeman,* 158 Cal. 290 [139 Am. St. Rep. 126, 110 Pac. 947].)

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.