McArthur and others *v.* Scott and others.

*(Circuit Court, S. D. Ohio, W. D.* June 22, 1887.)

MORTGAGE—CO-TENANCY—CLAIM FOR RENTS AND PROFITS—PRIORITY.
The lien of a mortgage executed by one co-tenant prior to the institution of a suit for partition, and for the recovery of rents and profits, is superior to the claim for rents and profits decreed in such suit.

*Lawrence Maxwell*, for complainants.
*Selden S. Cook*, for respondents.

JACKSON, J. For the rents and profits charged against the defendant Crookham herein the complainants claim a lien upon the land assigned to him under the partition prior to the lien of certain mortgages made before the institution of this suit. In June, 1871, and June, 1873, Lawrence Crookham was possessed of about 600 acres of the McArthur lands in Pickaway county, including 205 acres purchased in 1880 by George L. Crookham; and, while so possessed of said land, borrowed of Richard Dempsey $3,000 in June, 1871, and $3,000 in June, 1873, and to secure said sums gave said Dempsey at the date of each loan a mortgage upon the whole of said 600 acres. After Dempsey's death, in 1880, the mortgage debts being unpaid, his executors, under the power conferred upon them by section 6189, Rev. St. Ohio, transferred and assigned said claims and mortgages to Jane Cooke, a legatee under the will, who has since held and owned the same. The balance remaining due and unpaid thereon was over $6,800.

In the partition proceedings had herein there was allotted, in 1886, to George L. Crookham 54 acres, and to Lawrence Crookham 73 acres, of said land, by metes and bounds. It is well settled the mortgages of 1871 and 1873 attached to this land so allotted or assigned to said Crookham. On the nineteenth of January, 1887, this court, by the decree of that date, found that George L. Crookham was indebted to the complainants and cross-complainants for rents and profits from August, 1885, to Oc-

tober, 1886, in the sum of $2,000. It is now claimed by complainants that this claim for rents and profits has priority over the lien of said mortgages upon said lands. In support of this proposition we are cited to the following cases: *Hines* v. *Munnerlyn*, 57 Ga. 32, and 71 Ga. 14; *Wright* v. *Wright*, 59 How. Pr. 186; *Scott* v. *Guernsey*, 48 N. Y. 106.

The 57 Georgia case (*Hines* v. *Munnerlyn*) seems to support this claim,. but it does not appear from an examination of that case *when* the mortgage was executed, whether *before* or *after* the co-tenant's claim for rents and profits *accrued.* It is not a direct authority, therefore, in the present case. But, assuming that the mortgage in that case was executed before the claim for rents and profits attached, the decision is not in harmony with the general current of authority on this question. The general rule, which is sanctioned by the great weight of authority, is that the equitable claim of one tenant in common against his co-tenant, for rents and profits received in excess of his share, is *superior only to subsequent mortgages* or liens; that prior mortgagees or incumbrancers are not necessary or proper parties to partition proceedings between co-tenants; and that the rights of such prior mortgagees are not to be affected by such partition proceedings. *Wolten* v. *Copeland,* 7 Johns. Ch. 140; *Hannan* v. *Osborn,* 4 Paige, 343; *Meads* v. *Lansingh,* 1 Paige, 125. See, also, Freem. Co-Tenancy, §§ 452, 478, 479, and cases cited.

Our conclusion is that complainants' lien for rents and profits, as against Crookham, is subordinate to the mortgages held by Miss Cooke. It is accordingly so ordered and decreed. ·