<hr />

(128 App. Div. 51.)

### RYAN v. BENJAMIN et al.

(Supreme Court, Appellate Division, Third Department. September 17, 1908.)

1. ACTION — STAY OF PROCEEDINGS — ANOTHER ACTION PENDING—IDENTITY OF ISSUES.

In partition by heirs of decedent's real estate, defendant alleged title in himself to one of the tracts under a deed to him before decedent's death, and also alleged the insufficiency of the personal property to pay decedent's debts; both allegations being denied. Defendant as a creditor had a proceeding pending in the Surrogate's Court to sell certain of decedent's real estate to pay his debts. *Held*, that an order was improperly granted staying the surrogate's proceeding until the determination of the partition suit, on the ground of identity of the issues; the main issue in the surrogate's proceeding being the deficiency of the personal estate to pay debts, which was irrelevant in the partition suit, notwithstanding the allegations as to insufficiency, as Code Civ. Proc. § 1538, requires the proceeds of the partition sale to be deposited with the county treasurer to await the issue of the surrogate's proceeding, and the ownership of the tract claimed by defendant under decedent's deed not being in issue in the surrogate's proceeding.

2. SAME.

Heirs sued for partition of two tracts of intestate's realty, joining as defendant one claiming another tract under a conveyance from intestate, and moved to stay a proceeding by such defendant in the Surrogate's Court to sell certain of intestate's realty to satisfy his debts, because of the insufficiency of the personal estate. Defendant also moved to stay the partition suit until the determination of the creditors' proceeding, on the ground that the costs in the partition would exhaust the real estate. *Held* that, since costs in partition are in the court's discretion, and the court may require, under Code Civ. Proc. § 1538, that the proceeds of the partition sale be deposited with the county treasurer unimpaired, creditors would be protected without staying the partition suit until the determination of the alleged deficiency of the personal estate in the surrogate's proceeding, and hence the partition suit need not be stayed.

Kellogg, J., dissenting.

Appeal from Trial Term, Cortland County.

Action by Ursula A. Ryan against Elizabeth E. Benjamin, impleaded with others. From an order denying a motion to stay proceedings in this action, and granting plaintiff's motion to stay cred-

itors' proceedings in the Surrogate's Court, defendant Benjamin appeals. Order affirmed, as modified.

Upon the 24th of February, 1906, Elijah H. Benjamin died. At his death he was the owner of certain personal property, which was appraised at $162 over and above the statutory exemption, and of two pieces of real estate of the value of about $300. Some three years prior to his death he had executed a deed to the defendant Benjamin, which was delivered in escrow to Laura Rood, to be delivered to the defendant in case the said decedent died before the said defendant. After the death of the said Elijah Benjamin the deed was delivered to the defendant Benjamin and was duly recorded. The papers show that the indebtedness of the estate amounts to about $650. Elijah Benjamin left him surviving his widow, Elizabeth Benjamin, who was appointed administratrix of the estate, and two daughters—one, Ursula A. Ryan, this plaintiff; and another, Laura Rood, one of the defendants.

Upon the 29th of May, 1906, this action was brought by Ursula A. Ryan against the defendant Benjamin and others to partition the real estate of the decedent. That action sought to partition both the real estate that was confessedly the real estate of the decedent at his death and also the real estate a deed of which had been executed to the defendant prior to the death of the decedent. In that action the defendant Benjamin appeared and asserted her title to the property included in the deeds aforesaid, and also alleged that the personal property was not sufficient to pay the debts. The plaintiff answered, denying the title of the defendant in the said property, and also alleging that the personal property was sufficient to pay the debts.

Two motions were then made—one by the defendant to stay the proceedings in this action until the determination of the proceeding in Surrogate's Court; another by the plaintiff to stay the defendant from proceeding in Surrogate's Court until the hearing and determination of this action. These motions were argued together, and resulted in one order, which denied the defendant's motion to stay the plaintiff's proceeding and granted the plaintiff's motion to stay the defendant's proceeding before the surrogate of Chenango county until the hearing and determination of this action. From that order the defendant has here appealed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

H. D. Preston (Rowland L. Davis, of counsel), for appellant.
W. E. Burdick (M. H. Kiley, of counsel), for respondent.

SMITH, P. J. The learned justice at Special Term has granted the plaintiff's motion to stay the proceeding in Surrogate's Court on the ground that the issues presented in that proceeding could all be disposed of in the trial of this action, and, as this action was first brought, such issue should be there tried and determined. We cannot agree with this conclusion. The main issue presented in the proceeding in Surrogate's Court is as to the deficiency of personal assets to pay the decedent's debts. This issue is wholly irrelevant to the partition action, inasmuch as the proceeds of the sale must be deposited with the treasurer of the county to await the issue of the proceeding in Surrogate's Court. Code Civ. Proc. § 1538. The fact that the defendant has alleged the insufficiency of personal assets, and that has been denied by the plaintiff in her reply, does not make relevant an otherwise irrelevant issue. Nor is there any issue in that proceeding as to whether decedent died seised of the real estate claimed by the defendant Benjamin. The requirement of the Code of Civil Procedure that the petition in that proceeding describe all of the property

owned by decedent at his death is mainly for the purpose of enabling the surrogate to determine what parcels shall be first sold. It may be that a creditor could raise the issue that decedent owned other real property at his death, if the property sought to be sold were insufficient to pay the debts. But such an issue could not be raised by an heir, who has no legal interest that the debts of the intestate be paid, or no right to have such other property first sold. No decree, therefore, in that proceeding could bind plaintiff in this action as to the ownership of the real property in dispute.

Defendant Benjamin shows more reason in her application for a stay in this action. Her position is that this partition action will be contested and a large bill of costs incurred, which if defendant succeeds will be charged upon the two small pieces of real estate that were concededly owned by decedent at his death; that such costs will consume the value of this real estate; and that nothing will be left to the creditors, who are entitled to this real estate for the payment of their debts before the litigants for the payment of their costs. This contention seems to us reasonable and just. If the plaintiff would contest with the defendant Benjamin the title to the property claimed to have been deeded by the decedent, there is no equitable reason why the costs of such a contest should come out of real estate which ought more equitably to be applied to the payment of the decedent's debts. To work out the equity of the creditors, however, it is not necessary to stay plaintiff's action. The costs of this action of partition are in the discretion of the court, and the trial court may require that the proceeds of these two small pieces of property be deposited with the treasurer of the county, under section 1538 of the Code, unimpaired by the costs of the litigants in this action. Such a provision in the judgment of partition would give full protection to the creditors of the estate. The order should, therefore, be modified by striking therefrom the provision for a stay of the proceedings in the Chenango county Surrogate's Court, and, as modified, should be affirmed, with $10 costs and disbursements to the appellant as against the plaintiff.

Order modified, as stated in opinion, and, as so modified, affirmed, with $10 costs and disbursements to the appellant as against the plaintiff. All concur, except KELLOGG, J., who dissents on the ground that this action should be stayed.