PITMAN v. SMITH et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

1. TENANCY IN COMMON (§ 28*)—EXECUTION (§ 158*)—COLLECTION OF RENTS BY ONE TENANT—LIEN OF OTHER TENANTS.

Where one tenant in common collects all the rents, the other tenants have a lien on his interest in the land for their share of the rent; so that sale of his interest on execution against him may be stayed till their equities are adjusted.

[Ed. Note.—For other cases, see Tenancy in Common, Dec. Dig. § 28;* Execution, Dec. Dig. § 158.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EXECUTION (§ 158*)—STAY—MOTION.

Where one tenant in common collects all the rent, and a co-tenant gets judgment for his share, stay of the execution thereon against the interest of the former in the land held in common, to which the other tenants are entitled, till the equities of all the tenants in common are adjusted, may be had by order on motion in a suit for partition pending in the same court.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 158.*]

Burr, J., dissenting.

Appeal from Special Term, Dutchess County.

Action by Reginald E. A. Pitman against Caroline A. Smith and others. From an order entered on motion of defendant Smith, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

D. P. Morehouse, Jr., for appellant.
Allison Butts, for respondent.

JENKS, J. For a number of years E. Pitman, one of four tenants in common, collected all rentals from the realty without accounting to his co-tenants. In January, 1909, the co-tenant, R. Pitman, began an action in this court against the said E. Pitman to recover a money judgment for his share of such rentals; and subsequently, in the same month, he began this action in the said court for a partition of the said realty. The defendant Smith, also a co-tenant, in her answer to the partition suit, asserted her lien for her part of the rents collected by E. Pitman. E. Pitman suffered default in the first action, and three months after the partition action was begun R. Pitman entered judgment and proceeded to advertise the interest or share of the said E. Pitman for sale in satisfaction of his execution. Thereupon the said defendant Smith, on notice, obtained an order in this action that stays R. Pitman and the sheriff from such sale until all of the rights of the parties are adjudicated in this partition action. R. Pitman appeals from that order.

It appears from R. Pitman's affidavit that the rentals collected and unaccounted for are in excess of the value of the share or interest of E. Pitman in the realty. Inasmuch as the co-tenants had equitable liens upon the undivided share of E. Pitman, which could be enforced while the premises were held in common (Hannan v. Osborn, 4 Paige, 336; Scott v. Guernsey, 60 Barb. 163, s. c. 48 N. Y. 106; Kingsland v. Chetwood, 39 Hun, 602), I think that the order was right. In Beck v. Kallmeyer, 42 Mo. App. 563, the court say:

"Our opinion is that each tenant in common is not only vested with the title to his undivided interest in the common estate, but each holds a contingent interest in the entire title, until all equities relating to the tenancy are adjusted. Thus, if one tenant has made necessary and lasting improvements on the common estate, or has paid the taxes legally assessed against it, he will hold the title of his co-tenants until he is reimbursed; or, if the property has passed by descent, and one of the heirs has received advancements, he must account for the advancements, and the other heirs will hold his title, until their respective interests can be equalized in a partition proceeding;

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or, as in this case, if one tenant collects more than his share of the rents, his co-tenant will be entitled to demand and receive from him his portion of the rents, and he will be seised of the entire title, until this equitable claim is settled. This is substantially the doctrine of the Supreme Courts of the states of Indiana (Peck v. Williams, 113 Ind. 256 [15 N. E. 270]; Foltz v. Wert, 103 Ind. 404 [2 N. E. 950]), Pennsylvania (McCandless' Appeal, 98 Pa. 489), and New York (Scott v. Guernsey, 48 N. Y. 106)."

The court then quotes from the case of Peck v. Williams, supra, as follows:

"Creditors of one tenant in common can only enforce their claims against the debtor's interest in the common estate, subject to all the equitable interests of the other tenants therein. Each holds the title as security for the adjustment of all equities as between himself and the other tenants, and a judgment creditor of one tenant in common can no more compel the other tenants to surrender the security, which they hold, without regard to their equities, than the tenant himself. In that respect the rights of tenants in common are analogous to those of partners in partnership property. One tenant in common cannot, by a sale or incumbrance of his interest, defeat any antecedent right growing out of the co-tenancy, which could have been enforced in favor of his co-tenant in a proceeding for an equitable partition, or for the specific performance of a contract."

Although a tenant has his statutory remedy (section 1666, Code of Civil Procedure), in Scott v. Guernsey, 48 N. Y. 106, supra, it is said:

"The remedy for rents, by one tenant in common against another under the statute, by an action, is cumulative, and does not bar the equitable adjustment of them on a partition in equity. 1 Rev. St. [1st Ed.] p. 750 [pt. 2, c. 1, tit. 5] § 9. The rents, on a partition, are a lien upon the shares or interest of any co-tenants from whom they may be due."

See, too, Knapp on Partition, p. 160.

I think that this court is committed to the proposition that the Special Term had power to make this order. Post v. Banks, 67 App. Div. 187, 73 N. Y. Supp. 596. In that case the question of power was raised on the printed points of the appellant.

The order is affirmed, with $10 costs and disbursements.

WOODWARD, RICH, and MILLER, JJ., concur.

BURR, J. (dissenting). I agree with the other members of the court that the defendant Caroline A. Smith is entitled to relief restraining the plaintiff from proceeding to a sale under execution issued under the judgment recovered by him, but I think that she has mistaken her remedy. Her remedy is by an action to enjoin him from so proceeding, in which action proper security may be given to indemnify the plaintiff for his damages in being restrained from enforcing his legal lien in case it appears that she has no equitable lien. Confusion seems to have arisen in the language of many decisions by reason of the fact that the distinction between a stay of proceedings in an action and an order enjoining the prosecution of another action is not kept in mind. An order staying proceedings in an action as the result of a motion must be made in the action sought to be stayed. It cannot be made in another action. If the purpose of the motion is to prevent the prosecution of another action by some one not a party to it, such relief must be by injunction in an independent action where by formal prayer

such relief is demanded. Belasco Co. v. Klaw,.98 App. Div. 74, 90 N. Y. Supp. 593.; Gilroy v. Everson-Hickok Co., 120 App. Div. 207, 105 N. Y. Supp. 188. In each of the cases cited by the respondent, either the application was by injunction (Pike v. Mechanics' & Traders' Bank, 81 Hun, 78, 30 N. Y. Supp. 952), or the motion was made in the action which was sought to be stayed (Dolbeer v. Stout, 139 N. Y. 486, 34 N. E. 1102), or the question of power was not passed upon. In Ryan v. Benjamin, 128 App. Div. 51, 112 N. Y. Supp. 441, a motion was made in the Supreme Court to stay proceedings in the Surrogate's Court. The order granting the motion was reversed on the merits, and it was therefore unnecessary to consider the question of power. In Burlingame v. Parce, 12 Hun, 149, it does not appear in which action the motion was made. In Post v. Banks, 67 App. Div. 187, 73 N. Y. Supp. 596, the question of power was not discussed in the opinion, although it seems to have been raised in the briefs submitted on the argument. The later decisions on the subject are those which I have cited, and I think they should be followed.

I think, therefore, because of the mistaken remedy, that the order appealed from should be reversed, without prejudice to an action to enjoin the plaintiff from proceeding under his judgment, or to a motion for a temporary injunction therein, in which proper security may be given.