In the Matter of the Rehabilitation of LAWYERS TITLE AND GUARANTY COMPANY.

Supreme Court, New York County, December 12, 1935.

*Louis D. Schwartz*, for the petitioner.

*Harry Rodwin* [*Allan M. S. Judelson* and *Joseph Lapidus* of counsel], for the Superintendent of Insurance, as rehabilitator of the Lawyers Title and Guaranty Company.

FRANKENTHALER, J.    The claims of the petitioner fall into two distinct categories: (1) Moneys alleged to have been improperly recouped by the title company and its rehabilitator from rents properly belonging to the certificate holders, and (2) claims for damages based upon the alleged breach by the title company and its rehabilitator of the provisions of the certificates.

The title company (Lawyers Title and Guaranty Company) is at present in the hands of the Superintendent of Insurance, as rehabilitator.    It is not in the process of liquidation.    As this court has already observed (*Matter of Lawyers Title & Guaranty Co.*, 150 Misc. 174, 176), there is no statutory provision for the filing of claims in proceedings for the rehabilitation of a company organized under the Insurance Law.    Relief may be obtained during reha-

bilitation only where the applicant can point to specific funds or property which belong to him and are being wrongfully withheld by the rehabilitator; or else where a lien can be established or a trust impressed upon assets in the possession of the latter. Claims for damages resulting from breaches of contract are premature at the present time. It follows that the instant application, in so far as it is predicated upon alleged breaches of the provisions of the certificates, must be denied.

There remain for consideration only those claims which arise out of the improper use of the funds of the certificate holders for the purpose of enabling the company and its rehabilitator to recoup payments previously made to or for the account of the certificate holders. The rehabilitator admits that $11,551.47 was wrongfully recouped, and he offers to segregate this sum in a separate account pending the determination of all trust claims against himself or the company. The petitioner takes the position, however, that the amount of the improper recoupments is greater than $11,551.47. The items of $117.05 and $930.51 deducted by the Superintendent for his servicing fees may not be classified as improper, there being no showing that these charges are excessive. The objection to the item of $1,287.49, representing a payment of interest on the title company's undivided share in the mortgage, is without merit, in view of the fact that the certificates expressly provided that they were to be " equal and coordinate with all other shares assigned or retained by the Company." (See *Matter of Lawyers Mortgage Company*, 151 Misc. 744; affd., 242 App. Div. 617.) The objection to the payment of $545.20 for foreclosure expenses must also be overruled. This disbursement constitutes a proper administration expense of the rehabilitator, and, as such, is rightfully chargeable to the certificate holders who received its benefit. (*Matter of People* [*Tit. & Mtge. Guar. Co.*], 264 N. Y. 69, 89, 90.) The petitioner claims that $441.66 was improperly deducted by the title company as a servicing fee while defaults in interest and taxes existed. The respondent states that this sum is already included in the $11,551.47 admitted by him to have been improperly recouped. Similarly, the petitioner's claim that $930.51 was improperly recouped from the income of the mortgaged premises on November 21, 1934, is answered by a statement that this item is a duplication of others, totaling that amount, deducted as a servicing fee by the rehabilitator, and does not represent an additional deduction. It is impossible, on the papers presented, to determine whether these two claims of duplication are correct. Unless the parties can agree on this subject prior to the settlement of the order to be entered hereon, the issues as to duplication will be referred to an official referee.

The petitioner asks that the amount of the improper recoupments " be set off against the interest of the said Lawyers Title and Guaranty Company, in the mortgage issue herein, and in its stockholding, and debentures of the petitioner herein, and that a readjustment be made in the said stockholding, and debentures of the petitioner herein, and that the said Lawyers Title and Guaranty Company, and Hon. Louis H. Pink, as Rehabilitator, be required to tender and deliver up for cancellation to the petitioner herein, stock and debentures of the said petitioner, in an amount equal to that thus found to have been improperly appropriated, withheld, recouped and retained."

The petitioner is a corporation formed in a reorganization proceeding under the Schackno Act. The mortgage owned by the certificate holders and the title company was foreclosed and title taken in the name of the petitioner. Stock and debentures were issued to the certificate holders and to the rehabilitator of the title company in proportion to their respective interests in the foreclosed mortgage. Prior to the foreclosure, the certificate holders and the title company were tenants in common of the bond and mortgage. The provisions of the certificates here differ materially from those considered by the Court of Appeals in *Matter of People* (*Tit. & Mtge. Guar. Co.*) (*supra*). Where a tenant in common collects and appropriates to himself rents belonging to his cotenants, the latter have an equitable lien upon his interest for the rents wrongfully withheld from them. (*Pitman* v. *Smith*, 135 App. Div. 904; *Bennis* v. *Conley*, 231 N. Y. Supp. 635 [App. Term, Second Dept.].) It would seem, therefore, that the certificate holders possessed an equitable lien upon the title company's undivided interest in the bond and mortgage in an amount equal to the rents wrongfully recouped. There appears to be no good reason for holding that the taking over of the company for purposes of rehabilitation has destroyed this lien. There has been no transfer of the company's interest to third persons. The rehabilitator is merely the statutory receiver of the company. (*Matter of People* [*Tit. & Mtge. Guar. Co.*], *supra*, 89, 90.) As the stock and debentures of the petitioner which were issued to the rehabilitator represent the proceeds of the title company's interest in the bond and mortgage, they remain subject to the lien.

The final order in the Schackno proceeding expressly provided that the issue of stock and debentures in the new corporation to the rehabilitator was to be " without prejudice, however, to the claim, if any, of the certificate holders to have offset against the interest or holding of the Lawyers Title and Guaranty Company

in the mortgage investment herein any moneys or the equivalent thereof, hereafter found to be improperly recouped by the said Lawyers Title and Guaranty Company, or its successors."

It follows that the application should be granted in so far as it seeks to compel the rehabilitator to deliver up stock and debentures in an amount equal to the certificate holders' share of the improper recoupments. In view of this disposition there is no necessity for segregating the amount of the improper recoupments in a separate account pending a determination of all trust claims against the company. If the parties cannot agree on the adjustment of the stock and debentures to which the petitioner is entitled, that question will be referred to an official referee.

The motion is granted to the extent indicated. Settle order.