[Civ. No. 13900.   First Dist., Div. Two.   Apr. 8, 1949.]

PALPAR, INC. (a Corporation), Plaintiff, v. W. H. THAYER et al., Defendants.

EDWARD MILLER, Appellant, v. H. MORTON, Respondent.

Richard M. Lyman, Jr., for Appellant.

Alfred J. Harwood for Respondent.

DOOLING, J.—Out of the original purchase of a tractor in 1941 by Morton and Thayer for $4,120 has grown litigation which bids fair to rival the celebrated case of *Jarndyce* v. *Jarndyce* with overtones of opéra bouffe. The pleadings are summarized and discussed in the opinion of this court in *Palpar, Inc.* v. *Thayer,* 82 Cal.App.2d 578 [186 P.2d 748]. We need only note here that Palpar, Incorporated as successor to Morton filed a complaint alleging that it owns an undivided one-half interest in the tractor, and prayed for a sale in partition and an accounting from Thayer; Thayer answered claiming sole ownership of the tractor; and Miller, the appellant herein, filed a complaint in intervention claiming sole title as successor to Thayer and the rights of assignee of a chattel mortgage of the tractor given by Thayer to a bank. Miller's ownership as successor to Thayer of whatever interest Thayer owned is admitted by Thayer's failure to answer Miller's complaint in intervention.

After trial the court gave judgment to Miller and against Palpar, Incorporated, Morton and Thayer determining that Palpar, Incorporated and Morton had no interest in the tractor and directing the foreclosure of the chattel mortgage to satisfy Thayer's indebtedness to Miller. This judgment was reversed in *Palpar, Inc.* v. *Thayer, supra.* Pending that appeal Miller bought the tractor at a foreclosure sale under the judgment afterwards reversed.

Upon the going down of the remittitur Palpar, Incorporated and Morton moved the court for an order of restitution of the tractor asking that Miller be ordered to deliver the tractor to a receiver appointed by the court and to pay to the receiver a sum of money equal to the value of the use or rental of the tractor from April 29, 1946 (the date of the foreclosure sale) to the date of the order asked. In a supporting affidavit it was alleged that the reasonable rental value of the tractor is $725 per month. After a hearing the court ordered the tractor delivered to the receiver and gave judgment in favor of the receiver and against Miller for $7,500, "said sum being the reasonable value of the use of the above described personal

property." From the money judgment contained in the order of restitution Miller has appealed.

The nature and amount of this money judgment are, to say the least, somewhat startling. For the use of a tractor, which was bought in 1941 for $4,120, for a period of less than two years between 1946 and 1948 appellant is ordered to pay the receiver $7,500, almost twice its original purchase price, and that in the face of an allegation in the affidavit supporting the motion for restitution "that at the present time said personal property has very little value." However since appellant did not deny in his counteraffidavit the alleged rental value of $725 per month the amount of the recovery ordered is probably not open to question on appeal.

█ The right to the recovery in a summary proceeding of this character is, however, properly before us. We note that if Palpar, Incorporated is successful in the litigation it will be adjudged to own an undivided one-half of the tractor and at the very most will be entitled to recover one-half of the rental value of its use from Miller; and that in the state of the pleadings Miller, at the very least, as successor to Thayer, will be entitled to the other undivided one-half. If Miller is successful Palpar, Incorporated will be entitled to nothing. Thus a judgment for $7,500 has been given to the receiver upon which, if Miller does not voluntarily pay it, execution may issue against him, to one-half of which Miller will ultimately be entitled even if Palpar, Incorporated gets the judgment that it is seeking and to all of which Miller will be entitled if he gets the judgment that he asks. The inequitable nature of this order thus clearly appears. The right of Palpar, Incorporated to any recovery from Miller for the value of use of its interest in the tractor, if any, depends upon the determination of the merits of the action and properly should await the final judgment. That determination is clearly collateral to the restitution of the tractor and depends upon issues not yet decided. Such collateral issues should not be adjudicated in a summary proceeding for restitution. (*Buckman* v. *Tucker*, 9 Cal.2d 403, 406 [71 P.2d 69].)

The portion of the judgment in favor of the receiver against Miller for the recovery of $7,500 is reversed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied May 7, 1949, and respondent's petition for a hearing by the Supreme Court was denied June 2, 1949. Shenk, J., voted for a hearing.