[Civ. No. 14934. First Dist., Div. Two. Jan. 14, 1953.]

PALPAR, INC. (a Corporation), Plaintiff and Appellant; H. MORTON, Defendant in Intervention and Appellant, v. W. H. THAYER, JR., et al., Defendants and Respondents; EDWARD MILLER, Intervener and Respondent.

Alfred J. Harwood for Appellants.

Burt W. Busch and Elizabeth Cassidy for Respondents.

DOOLING, J.—Phases of this litigation, which involves an action for the partition of a tractor originally purchased in 1941 and which counsel on oral argument admitted has now very little value by reason of the ravages of time, have been twice previously before this court on appeal. (*Palpar, Inc.* v. *Thayer,* 82 Cal.App.2d 578 [186 P.2d 748] ; *Id.,* 91 Cal.App. 2d 176 [204 P.2d 654].) The tractor was originally purchased by Thayer and Morton as tenants in common. Palpar, Inc. has succeeded to Morton's interest and Miller has acquired Thayer's. While Thayer was in exclusive possession of the tractor Thayer and Miller executed a promissory note to a bank for $2,319 and Thayer executed a chattel mortgage on the tractor to secure the payment of this note. Miller afterwards paid the note and received a bill of sale from Thayer purporting to transfer full title in the tractor to Miller. Thereafter, pursuant to the judgment later reversed as to Palpar, Inc. by this court in the opinion reported in 82 Cal. App.2d 578 but which became final as to Thayer because of his failure to appeal, Miller purchased Thayer's interest at a foreclosure sale.

This appeal by Palpar, Inc. and Morton is from portions of an interlocutory decree of partition in which the court has decreed that Palpar, Inc. and Miller each owns an undivided one-half of the tractor. The appeal is on the judgment roll alone.

The interlocutory decree determined that appellant Palpar, Inc. is entitled to an accounting from Thayer of one-half of any profits made by Thayer while he had exclusive possession of the tractor. The court determined that appellant Palpar, Inc. did not have a lien on Miller's interest in the tractor to secure the amount which may be found due from Thayer on this accounting. This is the main target of appellants' attack.

Preliminarily we may dispose summarily of appellants' contention that Miller was not an innocent purchaser of Thayer's interest in the tractor. The court found to be true an allega-

tion in Miller's cross-complaint that at the time that he received the bill of sale from Thayer Miller "had no knowledge of any claim or interest in and to said equipment by anyone whomsoever other than said defendant, W. A. Thayer, Jr., and said bank." This appeal being on the judgment roll alone this finding is conclusive that Miller acquired title to Thayer's interest in the tractor without knowledge of any equities existing in favor of Palpar, Inc., or its predecessor Morton.

Appellants' main contention is that cotenant A has an equitable lien upon the share of his cotenant B to secure the payment by B to A of any rents or profits which B may be found to owe to A upon an accounting of B's use of the common property; and that this lien may be enforced against B's share even though B may have transferred his interest to an innocent purchaser for value. It is conceded that this is a question of first impression in this state.

There appear to be three rules on the subject in the various jurisdictions of this country: 1. That one cotenant has no lien on the share of his cotenant for rents and profits, although in a partition action a court of equity having the parties and the property before it may impose such a lien by its decree on the debtor cotenant's interest; 2. That one cotenant has an equitable lien on the interest of his cotenant for rents and profits, but that this lien will not be enforced where that interest has passed to an innocent purchaser; and 3. That such a lien exists and may be enforced even where the interest has been acquired by an innocent purchaser. (See the note in 27 A.L.R. 235-239 where the cases in support of these several views are collected.)

The California courts have never been compelled to face up to the question whether a lien in favor of one cotenant upon the interest of the other cotenant exists independently of decree or whether it is only imposed by the court in its decree as a remedy. In *Willmon* v. *Koyer,* 168 Cal. 369, 375 [143 P. 694, L.R.A. 1915B 961] the court said:

"On the claim that the court should not have charged the portion of the property assigned to defendant on partition with the lien for the payment of the amount found to be due plaintiff from defendant. There is no merit in this claim.

"It was an appropriate judgment to enter under the pleadings. In fact it is always appropriate to do so in partition as the only effectual way to secure a cotenant making advances and obtaining judgment therefor."

This seems to be the language of a court approving the creation of a lien by the decree to make the award effective rather than language holding that there was a preexisting lien which the court by its decree enforced.

The same may be said of *Garcia* v. *Venegas,* 106 Cal.App.2d 364, where the court said at page 369 [235 P.2d 89]:

"It is meet, in equity, when declaring the interest and quieting the title of one cotenant against another, to *declare* a lien against the interest so declared, for a due proportion of proper expenditures made by the other cotenant in preserving and protecting the common property." (Emphasis ours.)

Cases such as *Middlecoff* v. *Cronise,* 155 Cal. 185 [100 P. 232, 17 Ann.Cas. 1159], and *Huntington* v. *Perrin,* 65 Cal. App. 20 [223 P. 94], while they have general language that appellants appeal to as supporting their contention were not directed to the question before us and are of no help in its solution.

The rule contended for by appellants, that such lien may be enforced against the interest of an innocent purchaser is in force in very few jurisdictions in this country. Appellants cite the following cases as being in point: *Beck* v. *Kallmeyer,* 42 Mo.App. 563, 569; *Hines* v. *Munnerlyn,* 57 Ga. 33; *McArthur* v. *Scott,* 31 F. 521; and *Foltz* v. *Wert,* 103 Ind. 404 [2 N.E. 950].

The subsequent fate of *Beck* v. *Kallmeyer, supra,* upon which appellants most strongly rely, as traced through Shepard's Missouri Citations, has not been particularly happy. On the point in question it has been cited four times by other courts, and never in its home state of Missouri. By two courts it was expressly disapproved. (*Vaughn* v. *Lanford,* 81 S.C. 282 [62 S.E. 316, 318, 128 Am.St. Rep. 912, 16 Ann. Cas. 91]; *Aylward* v. *Lally,* 147 Wash. 29 [264 P. 983, 987].) In one case it was distinguished. (*Flach* v. *Zanderson,* (Tex. Civ.App.) 91 S.W. 348, 351.) In one case it was cited in support of the rule that as *between the original cotenants* such a lien will be enforced. (*Pitman* v. *Smith,* 135 App.Div. 904 [120 N.Y.S. 193, 194].) It is apparent that the impress of this decision on the law on this subject in the 62 years since it was decided has been minimal. The only two courts to which it was cited which had squarely before them the question of lien or no upon the cotenant's interest where that interest had passed to an innocent purchaser held that it was wrongly decided and refused to follow it. The Indiana case was cited by the Missouri court as support for its conclusion. The

federal court case is described by the writer of the note in 27 American Law Reports 239 as "obscurely reported." The rule adopted by the Georgia courts is peculiar to that state and if followed would be of no comfort to appellant in this case. The Georgia courts hold that no lien can be enforced where title has been conveyed by the debtor cotenant to a third person even as security (our case on its facts) but that a lien will be enforced as against a third party lienholder. (*Carmichael* v. *Citizens' & Southern Bank*, 162 Ga. 735 [134 S.E. 771].)

It is clear that the cases cited by appellants represent a minority view and that in the preponderance of jurisdictions which have considered the question the courts have held that no lien of this character will be impressed upon the interest of a former cotenant which has been transferred to an innocent purchaser. (14 Am.Jur., Cotenancy, § 40, pp. 107-108; 27 A.L.R., *supra*, and cases cited on p. 237; 4 Thompson on Real Property, perm. ed., § 1910, p. 434; *Aylward* v. *Lally, supra*, 147 Wash. 29 [264 P. 983, 987]; *Vaughn* v. *Lanford, supra*, 81 S.C. 282 [62 S.E. 316, 318-319]; *Kirby Lbr. Co.* v. *Temple Lbr. Co.*, 125 Tex. 284 [83 S.W.2d 638, 642 et seq.]; 27 Harv. L.Rev. 397.)

The reason given by the court for this rule in *Vaughn* v. *Lanford, supra*, 81 S.C. 282 [62 S.E. 316, 318] is:

"Such liens would be indefinite in amount, and undisclosed by public records, upon which third parties, in dealing with the owners of property, ordinarily have a right to rely. They would greatly injure tenants in common by impairing the market value of their shares and interests, because of the apprehension, on the part of those contemplating purchasing such interests or otherwise dealing with them, that claims for rents might be established as superior liens."

Similar language is quoted from 7 Ruling Case Law 836 in *Aylward v. Lally, supra*, 147 Wash. 29 [264 P. at p. 987]. Appellants seize on the reference to public records and attempt a distinction between real and personal property on that basis. But omitting all reference to public records it is still true of personal as it is of real property that "such liens would be indefinite in amount" and "would greatly injure tenants in common by impairing the market value of their shares and interests." ▄ We feel fully justified in holding that no such lien may be enforced against the interest of a former cotenant in the hands of an innocent third person.

Appellants point to an allegation in Miller's cross-complaint that Thayer gave him a bill of sale of the tractor in question and a "Cletrac Tractor Bulldozer, Model 35" and argue that under Code of Civil Procedure, section 758, Miller was required to allege the "nature and extent" of this additional security. We need not decide, as appellants claim, whether the word "extent" in this section means "value." ■ The case has been twice tried on this complaint in intervention, on the first appeal this technical objection to the pleading was not raised, and this court sent the case back for a retrial on the pleadings as framed. (*Palpar, Inc.* v. *Thayer, supra,* 82 Cal.App.2d 578.) We do not hesitate to hold that appellants' present attack on this allegation of the cross-complaint comes too late.

In our opinion in *Palpar, Inc.* v. *Thayer,* 91 Cal.App.2d 176, 178 [204 P.2d 654] we said of the motion for a money judgment against Miller as a part of the motion for restitution: "The right of Palpar, Incorporated to any recovery from Miller for the value of use of its interest in the tractor, if any, depends upon the determination of the merits of the action and properly should await the final judgment." By its interlocutory decree the court has ordered that that motion "be considered and determined by the Court after final judgment herein." It should more properly be decided at the same time. This will not require a reversal.

The interlocutory decree is affirmed with directions to the trial court to hear the motion for restitution and decide it as a part of or contemporaneously with the final judgment. Respondents to have costs on appeal.

Goodell, Acting P. J., and Jones, J. pro tem., concurred.